No. 81–2407. MISKOVSKY *v.* OKLAHOMA PUBLISHING CO. Sup. Ct. Okla. Certiorari denied.

JUSTICE REHNQUIST, with whom JUSTICE WHITE joins, dissenting.

In the midst of the 1978 campaign for the Democratic nomination for United States Senator from Oklahoma, petitioner, a candidate for that office, repeated charges made by a second candidate for the office against still a third candidate. As a result of these charges, respondent, publisher of two daily newspapers in Oklahoma City, published three news

stories, an editorial, and an editorial cartoon castigating petitioner for his role in the imbroglio. In the editorial, respondent stated that petitioner "has sunk to a new low in Oklahoma political rhetoric—and for him that takes some doing."

Petitioner brought suit in the Oklahoma state trial court asserting that respondent by these publications had libeled him. Following a trial on the merits, at the close of which the jury was instructed that it must find actual malice under the rule of *New York Times Co. v. Sullivan*, 376 U. S. 254 (1964), the jury deliberated for six hours and awarded petitioner $35,000 actual damages and $965,000 punitive damages. On appeal to the Supreme Court of Oklahoma, the judgment was reversed by that court.

Whether or not these particular statements in respondent's newspapers were actionable under state and federal constitutional law is not clear to me. What is clear is that the Supreme Court of Oklahoma, apparently feeling itself bound by the decisions of this Court in cases such as *New York Times Co. v. Sullivan, supra,* and *Gertz v. Robert Welch, Inc.,* 418 U. S. 323 (1974), said categorically that several of respondent's statements were simply statements of opinion, and that "[a]s opinions they are not statements of fact, and therefore *cannot* be false." 654 P. 2d 587, 593 (1982) (emphasis supplied).

The Supreme Court of Oklahoma also said:

> "Like the U. S. Supreme Court, we also, in proper cases, must review the evidence to make certain that constitutional principles have been correctly applied. The case before us is such an instance." *Id.,* at 591.

From this and similar statements in its decision, it is quite possible to conclude that the Supreme Court of Oklahoma thought that the entire law of defamation, hitherto the province of the States, had been pre-empted by federal constitutional standards. This, of course, is not the case, as we have made clear in *Gertz v. Robert Welch, Inc., supra,* and succeeding cases. If statements in the decision of the Supreme

Court of Oklahoma such as that quoted above with respect to "opinion" not forming the basis of a libel action were applications of Oklahoma law, they would of course present no federal question. But it seems probable to me that the Supreme Court of Oklahoma in discussing the subject was relying on the following dicta in *Gertz* v. *Robert Welch, Inc.,* *supra:*

> "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Id.,* at 339–340 (footnote omitted).

A respected commentator on the subject has stated with respect to this quotation that "[t]he problem of defamatory opinion was not remotely in issue in *Gertz,* and there is no evidence that the Court was speaking with an awareness of the rich and complex history of the struggle of the common law to deal with this problem." Hill, Defamation and Privacy Under the First Amendment, 76 Colum. L. Rev. 1205, 1239 (1976).

Examples of the "rich and complex history" of the common law's effort to deal with the question of opinion are found in an entire chapter headed "Opinion" in R. Sack, Libel, Slander, and Related Problems 153–185 (1980). I am confident this Court did not intend to wipe out this "rich and complex history" with the two sentences of dicta in *Gertz* quoted above. The Supreme Court of Oklahoma's statement that opinion was not actionable may fairly be read to suggest that the court felt this result to be compelled by the United States Constitution, rather than merely being a statement of Oklahoma law. Under these circumstances, we have jurisdiction to review the judgment of the Supreme Court of Oklahoma, *Zacchini* v. *Scripps-Howard Broadcasting Co.,* 433 U. S. 562 (1977), and I would exercise that jurisdiction by granting the petition for certiorari in this case.