**UNITED STATES of America ex rel. Andrew HOWARD, Petitioner,**

**v.**

**Richard DeROBERTIS, Warden of the Stateville Correction Center, Box 112, Joliet, Ill., Respondent.**

**No. 84 C 1153.**

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1984.

---

Andrew Howard, pro se.

James Fitzgerald, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Andrew Howard ("Howard") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that the Illinois Prisoner Review Board ("the Board") denied him parole in violation of his rights under the Fifth and Fourteenth Amendments. Howard further claims that the Board failed to comply with a previous order of this Court dated October 17, 1983. Presently before the Court is respondent's motion to dismiss Howard's petition. For reasons set forth below, respondent's motion to dismiss is granted.

Howard was convicted of gang related murder in December 1973 and is now serving a sentence of 150–200 years at Stateville Correctional Center.[1] On February 2, 1983, pursuant to an application for rehearing, the Board denied Howard's third application for parole. Thereafter, Howard filed a petition for writ of habeas corpus in this Court, asserting violations of his constitutional rights and requesting immediate release. In a prior action, this Court en-

---

1. Howard's conviction was affirmed on appeal. *People v. Howard,* 34 Ill.App.3d 145, 340 N.E.2d 53 (1975).

tered a summary judgment in favor of Howard and remanded the case to the Board for a rehearing consistent with our opinion.[2] In response to that order, the Board held a rehearing on November 2, 1983, and issued an order and rationale denying Howard's release on parole. The present petition for habeas corpus follows that denial.

Howard asserts several grounds for relief. First, he argues that the reasons given by the Board for denial of parole violated his constitutional rights. Second, Howard contends that the Board denied him due process in that it failed to comply with Ill.Rev.Stat. ch. 38, § 1003–5–1(b), which requires that an inmate be advised of factual information relied on whenever the Board makes a decision "which affects the length of the period of confinement or commitment." Finally, Howard claims that the Board violated his due process rights by its failure to comply with this Court's October 17, 1983 Opinion and Order.

### I. *Exhaustion*

■ Howard did not petition the Illinois courts for a writ of mandamus. As a result, respondent moves to dismiss Howard's petition on the ground that he has failed to exhaust his available state remedies as required by 28 U.S.C. § 2254(b) and (c). The federal habeas corpus statute requires that the district court dismiss a petition continuing any claims that have not been exhausted in the state courts. *U.S. ex rel. Johnson v. McGinnis,* 734 F.2d 1193 (7th Cir.1984), citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement of section 2254, however, refers only to state remedies still available at the time the federal petition is filed. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). The exhaustion doctrine applies to a mandamus petition in

state court where that proceeding could protect the rights asserted in the federal habeas corpus petition. *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir.1982) (citations omitted). Accordingly, we must determine whether a state mandamus remedy is available to Howard.

■ In *United States ex rel. Johnson v. McGinnis,* 734 F.2d 1193 (7th Cir.1984), the Court of Appeals for the Seventh Circuit held that before a state prisoner may obtain federal habeas corpus relief on the grounds that reasons given for his denial of parole violate the due process clause, he must first present that claim to the state courts by way of writ of mandamus. As the court observed,

Although Illinois mandamus is an unusual and extraordinary remedy, there do not appear to be any doctrinal or procedural bars that would prevent the Illinois courts from considering issues concerning the adequacy of reasons for a parole denial in a petition for a writ of mandamus. In fact, there is Illinois authority suggesting that mandamus is available in situations similar to the present case.

*Id.* at 1198.

■ The *Johnson* court examined Illinois law and concluded that a petition for writ of mandamus could be the proper procedure to compel the Board to provide a constitutionally adequate statement of reasons for a parole denial. *Id.* at 13. As a result, Howard should have petitioned the Illinois courts for a writ of mandamus. By not doing so, he has failed to exhaust all available state remedies.

### II. *The Ex Post Facto Clause Claim*

While we have concluded that Howard has failed to exhaust available state remedies, examination of the merits of his peti-

---

**2.** Our October 17, 1983 Opinion and Order held that since the Court could not discern which of the several considerations listed by the Board constituted the reason Howard was denied parole, the Court could not determine, as mandated by *United States ex rel. Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185 (7th Cir.), *cert.*

*denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982), whether parole was denied for an impermissible reason or for no reason at all. Accordingly, the Court ordered the Board to conduct a new hearing. *Howard v. DeRobertis,* No. 83 C 2314 (Oct. 17, 1983).

tion further supports our conclusion that it should be dismissed. Howard argues that the Board erroneously considered the nature and seriousness of his offense in denying his request for parole, thus violating his constitutional rights.[3]

In *Heirens v. Mizell*, 729 F.2d 449 (7th Cir.1984), an Illinois prisoner who had been denied parole release because of the seriousness of his offense sought federal habeas corpus relief. The court held that consideration of the nature and seriousness of the offense in making parole decisions was not a departure from prior practice of the Board, and thus did not result in an Ex Post Facto change in the law. *Heirens v. Mizell*, 729 F.2d at 463. *Heirens* thus reversed the earlier decision in *Welsh v. Mizell*, 668 F.2d 328 (7th Cir.), *cert. denied*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982). According to the Seventh Circuit, considerations of the seriousness of the offense committed by an inmate prior to 1973 no longer violates the Ex Post Facto clause of the U.S. Constitution.

■ In light of *Heirens*, Howard's claim must fail. The Board properly considered the seriousness of his offense in denying his request for parole. Moreover, we agree with respondent that Howard was not denied parole solely on the basis of his crime. Rather, the Board's decision noted Howard's long arrest record and the court-imposed probation and supervision, both of which were drug related. Therefore, the denial of Howard's parole request did not violate his constitutional rights.

### III. *Due Process Claims*

Howard challenges the Board's denial of parole with two procedural due process arguments. He first asserts that the decision was an arbitrary and capricious one as the Board's denial points to no specific facts, circumstances or risks and thus is so vague as to violate due process. Second, Howard claims that the Board's failure to comply with our previous opinion and order denied him due process. We find Howard's first argument unpersuasive, and we need not address Howard's second argument.[4]

■ Illinois law creates "a legitimate expectation of parole entitled to some measure of constitutional protection." *United States ex rel. Scott v. Illinois Parole and Pardon Board*, 669 F.2d 1185, 1190 (7th Cir.), *cert. denied*, 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982). To determine whether a statement of reasons for denial of parole was constitutionally adequate, the court in *Scott* reaffirmed the test it had previously adopted in *United States ex rel. Richerson v. Wolff*, 525 F.2d 797 (7th Cir. 1975), *cert. denied*, 425 U.S. 914, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976). That test, taken from the court's opinion in *United States ex rel. Johnson v. Chairman of New York State Board of Parole*, 500 F.2d 925 (2nd Cir.), *vacated as moot*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974), was described as follows:

> [t]o satisfy minimum due process requirements a statement of reasons should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision ... and the essential facts upon which the Board's inferences are based.

*Scott*, 669 F.2d at 1191 (quoting *Johnson* ). To this standard the court added:

---

3. Howard actually asserted that the use of the inappropriate criteria amounted to a violation of his Fifth and Fourteenth Amendment rights. Traditionally, however, the use of such criteria was considered as a violation of the Ex Post Facto Clause, and we will discuss the issue in the framework of the Ex Post Facto Clause.

4. Due to our conclusion that the Board's statement met the due process requirements as set forth in *Scott* and *Heirens*, we need not address Howard's second and final due process argument in which he claims that the Board violated his due process rights by its failure to comply with this Court's Opinion and Order of October 17, 1983.

*Johnson* ... requires only that the inmate be told why his request for parole has been denied. This can be accomplished simply by informing him of what in his record was felt by the Board to warrant his denial any way.

*Scott,* 669 F.2d at 1191.[5]

█ Applying these rules to the instant case, we find that the Board's rationale for denying Howard parole satisfies due process. The Board stated:

On November 2, 1983, a court ordered rehearing of the February 2, 1983 (Scott) rehearing was conducted at Stateville. The Board again considered your institutional adjustment which appears to be satisfactory having acquired both academic and vocational training.

The Board also considered your personal presentation which included your parole plan, with further consideration of the circumstances surrounding the crime for which you were sentenced to 150–200 years for murder.

The Board also noted your rather long arrest record that included court imposed probation and supervision, both of which being drug related. It was further noted that the instant offense was a drug related gang style murder.

In view of the above factors coupled with the severity of your criminal conduct, it is the Board's continued opinion that there would be a substantial risk that you would not comply with the conditions required of parole.

The Board's statement, while succinct, details the important facts of Howard's crime and indicates that the Board considered this specific drug related conduct as grounds for the conclusion that the risk of further nonconforming behavior was too great for release at this time. The Board provided both the essential facts and the grounds for its determination, thus satisfying the requirements of *Scott.*

Accordingly, respondent's motion to dismiss is granted, and Howard's petition for

a writ of habeas corpus is denied. It is so ordered.

---

**5.** *See also Heirens v. Mizell,* 729 F.2d 449 (1984), where the court stated that the extent of judicial review of the Board's decision is very narrow and that if the Board cites to facts upon which its reasons for denial of parole can be justified, due process is met. *Id.* at 467.