## CIRCUIT COURT OF ARLINGTON COUNTY

Mulvey

v.

Gondles

September 4, 1987

Case No. (Law) 87-253

### By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Demurrer to the Motion for Judgment. Defendant asserts three arguments why the Demurrer should be sustained. First, the allegations are insufficient to state a cause of action for intentional infliction of emotional harm. Second, the Plaintiff's status as an at-will employee does not entitle her to recover for adverse action arising out of her employment relationship. Third, the public policy of Virginia, as evidenced by the Virginia Human Rights Act (Code of Virginia, Section 2.1-714, *et seq.*), precludes the maintenance of common law tort actions based on allegations of employment discrimination. It should be noted that Defendant makes no claim of preemption by this act ostensibly because the cause of action alleged arose before the effective date of the statute.

Plaintiff argues that the factual allegations contained in the Motion for Judgment are sufficient to state a cause of action; that Plaintiff's at-will status could not bar this action since it was not an action for wrongful termination; and that no public policy of Virginia, absent the

pre-emption provisions of the Human Rights Act, bars this action.

For reasons stated, the Demurrer must be overruled.

The elements of the tort of intentional infliction of emotional harm are set forth in *Womack v. Eldridge*, 215 Va. 338 (1974), as intentional or reckless conduct, outrageous and intolerable in that it offends against generally accepted standards of decency and morality, causing emotional distress characterized as severe. 215 Va. at 343. Plaintiff has alleged facts which if proven would meet the *Womack* test. Plaintiff has alleged more than mere solicitation of sexual favors and has alleged that the Defendant took certain adverse personnel actions as Plaintiff's employer because of her refusal of his invitation. Such conduct, if the allegations prove to be true, is more than mere "bad manners" or "social impropriety."

Also, the nature of the conduct may arise from an abuse by one person of his relationship with the other when that position gives the Defendant an actual or apparent power to affect Plaintiff's interests. *See* Prosser and Keeton, on *The Law of Torts*, 5th Edition (1984), at pg. 61. The other elements of the *Womack* test are sufficiently alleged in the Motion for Judgment in that Defendant's conduct is alleged to be intentional and to have caused Plaintiff to suffer "extreme emotional distress." *See* section 15, Motion for Judgment.

Defendant's argument that Plaintiff's at-will employment status in some way weakens her position in this cause must likewise fail. While Virginia still adheres to a traditional rule of at-will employment, the doctrine is not absolute. *See Bowman v. State Bank of Keysville*, 229 Va. 534 (1985); *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343 (1982). Here Plaintiff makes no claim of a wrongful discharge nor does she claim damages that are a result of a termination of her employment. The actions complained of are "employment related"; however, this fact does not fully immunize her employer from any tort action arising out of that relationship. *See Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 B.R. 888 (W.D. Va. 1986). The existence of an at-will employment contract does not, in and of itself, authorize an employer to intentionally

injure an employee as is here alleged. *Cummings v. Walsh Construction Co.*, 561 F. Supp. 872 (S.D. Ga. 1983).

Defendant's argument that the public policy of the Commonwealth prohibits suits of this nature is without merit. The Human Rights Act, *supra*, does purport to preempt common law tort actions; however, that issue is not before this Court and is not decided here. The cause of action alleged here arose before the effective date of the statute, but Defendant argues that the passage of the Act is evidence that it is and was the policy of Virginia to leave suits based on employment discrimination to remedies provided by Title VII of the Civil Rights Act. No expression of such a legislative policy existed at the time of the events complained of, nor is there any indication that the legislature intended the retroactive application of the Human Rights Act. Absent a legislative expression barring such suits, this Court will not do so as a matter of law.

Having, as I must, accepted the allegations of the Motion for Judgment as true for purposes of this Demurrer, the Court finds that a cause of action is stated which, if proved, would support a recovery for Plaintiff and the Demurrer must be overruled.