## CIRCUIT COURT OF FAIRFAX COUNTY

Ronald D. Schryer

    v.

VBR

November 13, 1991

Case No. (Law) 101692

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant VBR's Demurrer to plaintiff Ronald D. Schryer's Second Amended Motion for Judgment. The Second Amended Motion for Judgment alleges five causes of action against the defendant which arise from the defendant's termination of the plaintiff's employment.

The defendant in this case is a business with operations in the United States and overseas, including Turkey. On August 29, 1988, the defendant hired the plaintiff to work in Turkey as its Manager of Industrial Relations, and the parties entered into a written employment agreement. The employment agreement does not specify the duration of employment. Section 12 of the agreement states in part:

> This agreement may be terminated and the employment of the Employee thereunder may be terminated by the Company in the following circumstances:
> . . . .
>     Termination at will for convenience of the Company requires a 60-day written notice, and the Company has the option to pay up to two months salary in lieu of notice.

The plaintiff alleges that the Director of Personnel and the Vice President of Human Resources for defendant VBR orally advised him in response to his request for a clarification of the contract terms that the employment agreement was for a term of five years, and that the language "for convenience" in Section 12 applied exclusively to terminations which occurred as part of a reduction in force.

However, section 27 of the employment agreement states, in pertinent part:

> The employee further acknowledges that no employer or agent of the employer has any authority to make any promises, representations, or statements concerning the employee's employment or any of the terms of conditions relating thereto other than those contained in this written agreement. The employee certifies and acknowledges that no such promises, representations and/or statements have in fact been made and that he/she is entering into this Agreement based solely on promises, duties, and obligations of the employer contained in this written agreement, which constitutes the entire written agreement between the parties. It is specifically agreed by the parties hereto that this agreement shall be subject to modification only in writing signed by both the employer and the employee.

On December 19, 1989, the defendant notified the plaintiff of his termination, effective February 17, 1990, sixty days later. Plaintiff alleges that he was not fired in connection with a reduction in force, but rather was discharged in retaliation for complaining about the defendant's illegal practice of discrimination against employees with dependents. Plaintiff's Second Amended Motion for Judgment asserts five causes of action against the defendant which include: (1) breach of contract; (2) promissory estoppel; (3) breach of implied covenant of good faith and fair dealing; (4) wrongful discharge; and (5) constructive fraud. The defendant filed a Demurrer to these causes

of action, and for the reasons stated below, the defendant's Demurrer is sustained with respect to each cause of action.

Count I of the plaintiff's Second Amended Motion for Judgment alleges that the defendant's termination of the plaintiff constitutes a breach of the plaintiff's employment contract. The defendant demurred to this claim arguing that it properly exercised its right under the contract to terminate the employment relationship at its convenience. I find that the employment agreement does not specify a term of employment, and that under the agreement's provisions, the plaintiff as well as the defendant employer were at liberty to terminate the contract at will. *See Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987).

The terms of the agreement are clear and unambiguous, admitting of no parol evidence to vary its terms. *Amos v. Coffey*, 228 Va. 88 (1984). Thus, the alleged representations of the Director of Personnel and the Vice President of Human Resources for defendant VBR are outside the four corners of the parties' contract and cannot be considered. The agreement expressly provides that the employment of the plaintiff may be terminated at will for the convenience of the Company after sixty days written notice to the plaintiff. The pleadings state that the defendant gave plaintiff the required sixty days notice before terminating him. Accordingly, the defendant properly exercised its right under the employment contract to terminate the plaintiff at will, and the defendant's demurrer to the plaintiff's claim for breach of contract must be sustained.

Count II (Promissory Estoppel) of the plaintiff's Second Amended Motion for Judgment alleges that the plaintiff relied to his detriment upon assurances made to him by agents of the defendant, as does Count V (Constructive Fraud). The plaintiff alleges that agents of the defendant assured him that his term of employment would be for five years and that the language in the employment agreement stating that he could be terminated "for convenience" would apply only to a reduction in force. The defendant demurred to this Count arguing that, even assuming such assurances were made, the plaintiff could not justifiably rely on them.

As noted earlier, by the express terms of the employment agreement, the plaintiff acknowledged that agents of the employer had no authority to make any such statements

or representations and that he was entering the agreement solely on the basis of the written agreement. Even assuming for purposes of the issue that any representations made by the employer's agents are not precluded by the parol evidence rule, I find that plaintiff's reliance on such representations to be unreasonable in light of the other facts alleged. Section 27 of the employment agreement clearly puts the plaintiff on notice that he could not rely on any representations or statements concerning the terms or conditions of his employment which were not contained in the written agreement.

In light of section 27, both Count II based on promissory estoppel and Count V based on constructive fraud must fail. The party claiming reliance must be ignorant of the true state of facts, and the means of acquiring the facts must be unavailable to him. *Boykins Narrow Fabric Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 86-87 (1980). The plaintiff's reliance on the allegedly fraudulent representations must be reasonable. *Cautley v. Morgan*, 41 S.E. 201 (1902). Here, the terms of the contract were equally known to all parties. Consequently, plaintiff's reliance on any representations made by the employer's agents was unreasonable, and the defendant's demurrer to Count II and Count V must be sustained.

Count III of the plaintiff's Second Amended Motion for Judgment alleges that the defendant's termination of the plaintiff constitutes a violation of an implied-in-law covenant of good faith and fair dealing. The defendant demurred to this Count arguing that Virginia law does not recognize a cause of action for wrongful discharge based on an implied covenant in good faith and fair dealing.

I find no authority in Virginia for implying a covenant of good faith and fair dealing to an at will employment contract. *See, Mason v. Richmond Motor Co.*, 625 F. Supp. 883, 889-90 (E.D. Va. 1986); *see also, Costantino v. Jaycor*, 816 F.2d 671 (4th Cir. 1987) (unpublished) (text in Westlaw). Even assuming that Virginia law would imply a covenant of good faith and fair dealing in employment contracts, in light of the Virginia Supreme Court's adherence to the employment at will doctrine and its narrowly defined public policy exception, I am of the opinion that such an implied covenant's application to employment contracts would be limited to contracts for a fixed term or to those

instances where clear public policy is violated by the discharge. *See generally*, Perritt, *Employee Dismissal Law and Practice*, § 4.11, § 4.23 (2d ed. 1987) (substantial differences exist in applying the covenant of good faith and fair dealing to employment termination cases, and courts have shown resistance to the implied covenant doctrine in such cases because of its far-reaching effect on other established exceptions to the employment at will doctrine); *see, e.g., Vallone v. Agip Petroleum Co.,* 705 S.W.2d 757, 759 (Tex. Ct. App. 1986) (good faith obligation may be implied in contracts for a fixed term but not in contracts for an indefinite term); *Brockmeyer v. Dun & Bradstreet, Inc.,* 335 N.W.2d 834, 840-41 (Wis. 1983) (no breach of implied covenant unless clear public policy violated by discharge).

The plaintiff cites law for the proposition that every contract in Virginia contains an implied covenant of good faith and fair dealing and states that this Court implied such a covenant to an employment contract in *Keiler v. Valley Proteins, Inc.,* At Law No. 88858 (Fairfax County Cir. Ct.) (Letter opinion, June 15, 1989). However, in *Keiler* the court distinguished between employment contracts for a specific term of years and at will employment contracts. While the court allowed a cause of action for breach of an implied covenant of good faith and fair dealing which it found to be implied in an employment contract for a term of years, the court stated that "[a]t will employment contracts do not give rise to a cause of action for breach of an implied promise of good faith and fair dealing." *Id.*

I further note that, to the extent plaintiff relies on alleged violations of public policy in Count IV to sustain his claim based on an implied covenant of good faith and fair dealing, the claim must fail because, as discussed below, I find the allegations in Count IV do not bring plaintiff's claim within the public policy exception to the employment at will doctrine. Thus, because no Virginia authority exists to imply a covenant of good faith and fair dealing to an at will employment contract,

and for the reasons stated above, the defendant's demurrer to Count III is sustained.

Count IV of the plaintiff's Second Amended Motion for Judgment alleges that the defendant's termination of the plaintiff constitutes a wrongful and abusive discharge because the plaintiff was fired for complaining about the defendant's claimed discrimination against employees who have dependents. In its demurrer, the defendant argues that a claim for wrongful discharge under these alleged facts will not lie because a statutory exception to the at will doctrine which expressly protects employees who complain to their employer about the manner in which employees with dependents are treated does not exist and thus a statutorily created right is not implicated.

The plaintiff points to the Virginia Human Rights Act which provides that it is the policy of the Commonwealth of Virginia to safeguard all individuals within the state from unlawful discrimination in employment because of marital status. Va. Code Ann. § 2.1-715 and § 2.1-716 (Repl. Vol. 1987 and Supp. 1991). The plaintiff argues that employees with dependents are almost exclusively married employees, and, therefore, the defendant's termination of the plaintiff because of his complaints with respect to the defendant's treatment of employees with dependents violates the Commonwealth's policy against discrimination on the basis of marital status. Thus, the plaintiff claims that this case falls within the public policy exception to the employment at will doctrine.

Even assuming that the defendant's alleged discrimination violates the public policy against discrimination in employment on the basis of marital status embodied in § 2.1-715 and § 2.1-716, I find that this statute was not intended to create a new exception to the employment-at-will doctrine under the Virginia Supreme Court's holding in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). Section 2.1-725 of the Human Rights Act specifically provides that "[n]othing in this chapter creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions. Nor shall the policies or provisions of this chapter be construed to allow tort actions to be instituted instead of or in addition to current statutory actions for unlawful discrimination." Va. Code Ann. § 2.1-275 (Repl. Vol. 1987). *See*

*also, Mulvey v. Gondles*, 9 Va. Cir. 225 (1987). Therefore, the plaintiff's wrongful discharge cause of action based on this statute must fail, and the defendant's demurrer to this Count must be sustained.