**Alice STAFFORD, Plaintiff,**

v.

**The RADFORD COMMUNITY HOSPITAL, INC., d/b/a Radford Community Hospital, Carilion Health Systems, and VHA, Inc., Defendants.**

**Civ. No. 94–1096–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

July 16, 1995.

Helen Jean Bishop Spence, Charles R. Beller, III, P.C., Christiansburg, VA, for Alice Stafford.

John Lester Cooley, Jr., Katherine Cabell Londos, Wooten & Hart, Roanoke, VA, for Radford Community Hospital, Inc. dba Radford Community Hospital, Carilion Health Systems, VHA, Inc. fka Voluntary Hospitals of America, Inc.

## MEMORANDUM OPINION

WILSON, District Judge.

This is an action by Alice Stafford against Radford Community Hospital, Carilion Health Systems (Carilion) and VHA, Inc. (VHA). Stafford has alleged that she was wrongfully discharged from employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of 1991 (ADA), 42 U.S.C. § 12101 *et seq.*, and Virginia's public policy as articulated in the Virginia Human Rights Act, Virginia Code § 2.1–715. Stafford has further alleged that the defendants are liable for common law fraud.[1] The defendants have moved for dismissal, asserting that (1) Carilion and VHA are improper defendants in the ADA and ADEA claims because Stafford failed to name them in her complaint to the Equal Employment Opportunity Commission (EEOC); (2) all of Staf-

---

1. In her Complaint, Stafford stated a claim against the defendants based on the Fifth and Fourteenth Amendments to the United States Constitution. Stafford has since conceded that claim. As such, the court will not address it further.

ford's claims are time barred; (3) there is no cause of action for wrongful discharge based on the Virginia Human Rights Act; (4) Stafford has not stated a cause of action for fraud; and (5) compensatory and punitive damages are not available under the ADEA.[2]

After hearing arguments on the motion, the court finds that Stafford's failure to name Carilion and VHA in her complaint to the EEOC requires dismissal of her ADA and ADEA claims against those defendants. The court finds that Stafford has shown a genuine issue of material fact regarding application of the doctrine of equitable tolling. Thus, Stafford's claims will not be dismissed due to untimeliness. The court further finds that a cause of action for wrongful discharge on the basis of age discrimination exists in Virginia, that Stafford's claim of common law fraud fails because she has not sufficiently alleged the requisite elements, and that Stafford's request for compensatory and punitive damages is proper.

## I.

In 1966, Alice Stafford commenced employment as a registered nurse at Radford Community Hospital in Radford, Virginia. For many years, Stafford continued on at the hospital in various nursing positions, including nurse supervisor and CPR instructor. In 1983, Stafford injured her back while performing duties at the hospital; she received workers' compensation. In 1991, Stafford reinjured her back, after which she was able to lift only thirty-five pounds. The hospital reassigned Stafford to nursing positions that accommodated her weight lifting restrictions.

In October of 1992, Stafford was appointed an occupational health nurse and patient representative. On July 14, 1993, however, Stafford was informed that her position was being abolished, and, according to Stafford, that

she should apply for reassignment to another position that could accommodate her weight lifting limitations. (Apparently, there was only one such position available.) Stafford pursued that position without success. No other positions became available to Stafford. On November 26, 1993, Stafford received formal notice of her discharge.

In April of 1994, Stafford learned that the Radford Community Hospital had recently advertised for and hired a new, and supposedly younger, occupational health nurse. At the time of her discharge, Stafford was fifty years old. In June of that year, Stafford drafted a letter to the EEOC detailing alleged discrimination on the basis of age and disability, and on August 1, 1994, she filed a formal EEOC charge of age and disability discrimination against the Radford Community Hospital. The EEOC transferred Stafford's charge to the Virginia Council on Human Rights (VCHR) for investigation. The VCHR waived jurisdiction, however, and terminated its proceedings. In late September, the EEOC issued Stafford a right to sue letter. On December 22, 1994, Stafford filed this action.

## II.

Carilion and VHA seek dismissal of Stafford's ADEA and ADA claims because they were not named in Stafford's initial charge to the EEOC. There is no dispute that Stafford failed to identify Carilion and VHA in her EEOC charge or that such naming is a requirement to bringing suit under the ADEA and the ADA. Stafford argues that Carilion has the same substantial identity as Radford Community Hospital, the party named in the EEOC charge, and that, thus, her failure to name Carilion should not present a jurisdictional bar to suit against it.[3]

---

2. The defendants have also challenged Stafford's claim under the Rehabilitation Act on the grounds that she "has not alleged any basis for coverage under the Act." During arguments on the motion, the defendants specifically stated that Stafford has not alleged that they receive federal funds such as to invoke application of the Rehabilitation Act. Although the court agrees that application of the Rehabilitation Act depends upon federal funding, Stafford's pleadings are sufficient to notify the defendants of her

claim pursuant to Rule 8 of the Federal Rules of Civil Procedure. Whether Stafford in fact can show that the defendants receive federal funds is a matter for later disposition.

3. In her Complaint, Stafford named VHA as a separate defendant, and VHA has moved for dismissal of the ADEA and ADA claims because Stafford failed to name it in her EEOC charge. There is no dispute that Stafford in fact failed to name VHA in that charge. Stafford has not

Although there is some interrelationship between Carilion and Radford Community Hospital, the court finds that Stafford has failed to meet her burden of showing that they have the same substantial identity. Accordingly, Stafford's ADEA and ADA claims against Carilion will be dismissed.

■■■ A civil action may be filed pursuant to the ADA or the ADEA only after a charge of discrimination has been filed with the EEOC. *See* 42 U.S.C.S. § 12117(a) (Law.Co-op.1995 Supp.); 29 U.S.C.S. § 626(d) (Law. Co-op.1990). Ordinarily, a party not named in the initial charge with the EEOC may not be subsequently sued for the alleged discrimination. *Alvarado v. Bd. of T. of Montgomery Com. College,* 848 F.2d 457, 458 (4th Cir.1988). Courts have recognized exceptions to the naming requirement, however. One exception is when the parties named in the charge with the EEOC and those later sued have the same substantial identity. The Fourth Circuit recognized the "substantial identity" exception with approval in *EEOC v. Am. Nat'l Bank,* 652 F.2d 1176, 1186 n. 5 (4th Cir.1981), *cert. denied,* 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (U.S.Va. Oct. 12, 1982) (No. 81–2358):

> [W]here there is substantial, if not complete identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of [the statute] to deny jurisdiction.

*Id.* When determining whether there is a substantial identity between two parties, the following factors are relevant:

(1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint;

(2) whether under the circumstances, the interests of the named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; and

(4) whether the unnamed party has in some way represented to the complainant that his relationship with the complainant is to be through the named party.

*See Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744, 751 (E.D.Va.1991).

In this case, Stafford has failed to establish that Carilion has the same substantial identity as Radford Community Hospital. Stafford asserts that the hospital calls itself an "affiliate" of Carilion, and she has produced evidence that the two parties are interrelated. For instance, the job description for a registered occupational health nurse at the hospital states that she "works closely with Carilion Director of Occupational Health Services to develop the feasibility study for Radford Community Hospital." (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, Ex. G, at 3.) The hospital distributes employee handbooks entitled "Carilion Health System." (Pl.'s Mem., Ex. H.) Carilion referenced the Radford Community Hospital in its 1993 annual report, (Pl.'s Mem., Ex. I), and, in the past, Carilion directed the hospital to "accelerate cost containment actions," (Pl.'s Mem., Ex. F). Stafford's evidence certainly proves that some sort of relationship exists between Carilion and Radford Community Hospital. From that evidence alone, however, the court is unable to determine the depth and scope of that relationship. The court has no information regarding the corporate structure of either entity and can only speculate at how being an "affiliate" effects their organizations. Indeed, there may be a substantial identity between Carilion and the Radford Community Hospital. Stafford carries the burden of establishing the substantial identity exception, however. She has simply not met that burden. Accordingly, the court will dismiss Stafford's ADEA and ADA claims against Carilion.

asserted a "substantial identity" argument, or indeed any argument, regarding VHA's status as a defendant. As such, the court will dismiss Stafford's ADEA and ADA claims against VHA without further analysis.

## III.

■ The defendants next argue that Stafford's ADEA and ADA claims are time barred because they were not filed with the EEOC within 180 days of the alleged disability and age discrimination. As noted above, the ADEA and the ADA require that a plaintiff file a charge of discrimination with the EEOC before filing a civil action. That charge must normally be filed within 180 days of the discriminatory practice. 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a). When the charge is based on a job termination, the 180 day period runs from the date the plaintiff first received notice of her termination. *English v. Pabst Brewing, Co.,* 828 F.2d 1047, 1048 (4th Cir.1987), *cert. denied,* 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (U.S.N.C., June 6, 1988) (No. 87–1723). *See also Hamilton v. 1st Source Bank,* 928 F.2d 86, 89 (4th Cir.1990) (restating that the 180 days are counted from "either the time of discharge or from the moment the employee received advance notice of the pending discharge").

In this case, Stafford received notice that her position was being abolished on July 14, 1993; she filed her charge with the EEOC over one year later, on August 1, 1994. There is no question that Stafford filed her charge with the EEOC more than 180 days after she received notice of her pending termination. Stafford argues that the doctrine of equitable tolling applies here and excuses her late filing, however.

■ The 180 day filing requirement is not jurisdictional, but is instead analogous to a statute of limitations, subject to equitable modifications such as tolling and estoppel. *English v. Pabst Brewing,* 828 F.2d at 1049. Equitable tolling operates to stop the statute of limitations from running after the claim's accrual date has already passed. It is appli-cable when the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action: "To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *Id.*

■ Stafford asserts that the defendants "acted fraudulently when they misrepresented to the plaintiff that her position was being eliminated, then reinstated the position with another younger employee." (Pl.'s Mem., at 7 & Ex. A.) According to Stafford, the hospital hired the new employee in April of 1994. Naturally, the defendants dispute that equitable tolling is appropriate here. After an analysis of the issue, the court finds that the facts, taken in the light most favorable to Stafford, are sufficient to activate the doctrine of equitable tolling. Accordingly, the defendants' motion to dismiss Stafford's ADA and ADEA claims will be denied.[4]

## IV.

The defendants challenge Stafford's wrongful discharge claim on the grounds that (1) there is no cause of action for wrongful discharge based on the Virginia Human Rights Act, and (2) the Virginians with Disabilities Act is the exclusive state remedy for employment discrimination based on disability. The court considers each contention below.

### A.

■ The Virginia Human Rights Act (VHRA) states that it is the policy of the Commonwealth of Virginia "to safeguard all individuals within the Commonwealth from unlawful discrimination because of race, col-

---

**4.** The defendants assert that Stafford's wrongful discharge and Rehabilitation Act claims are also barred by their respective statutes of limitations. A claim for wrongful discharge in Virginia must be filed within one year from the date the action has accrued, VA.CODE ANN. § 8.01–248, and a claim under the Rehabilitation Act must also be filed within one year of its accrual, *Wolsky v. Medical College of Hampton Roads,* 1 F.3d 222 (4th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 881, 127 L.Ed.2d 77 (U.S., Jan. 18, 1994) (No. 93–805). Stafford's claims accrued on the date she received notice of the discriminatory act, July 14, 1993, and she filed her action in December of 1994. Thus, both claims are clearly barred absent equitable tolling. As noted above, Stafford has *alleged* facts sufficient for equitable tolling. Accordingly, on the present state of the record, the court will deny the defendants' motion to dismiss these claims based on time limitations.

or, religion, national origin, sex, age, marital status or disability." VA.CODE ANN. § 2.1–715 (Michie 1987). Although the VHRA does not create any new causes of action, it states the public policy "that all individuals within this Commonwealth are entitled to pursue employment free of discrimination." *Lockhart v. Commonwealth Educ. Systems Corp.*, 247 Va. 98, 439 S.E.2d 328, 331 (1994). The Supreme Court of Virginia has recognized an exception to the employment-at-will doctrine for "discharges which violate *public* policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915, 918 (1987).

In *Lockhart,* the court, grounding its rationale on the public policies articulated within the VHRA, recognized a cause of action for wrongful discharge because of race or gender. According to the VHRA, it is Virginia's policy to eschew age and disability discrimination just as it does discrimination based on race or gender. This court would hesitate to recognize a cause of action that had not been specifically addressed by Virginia's legislature or its courts. *See Washington v. Union Carbide, Corp.*, 870 F.2d 957, 962 (4th Cir. 1989) (stating that "[f]ederal courts are permitted . . . to rule upon state law as it presently exists and not to surmise or suggest its expansion"). However, the Supreme Court of Virginia has clearly found that policies within the VHRA can support a cause of action for wrongful discharge in violation of public policy, thus sanctioning a cause of action for wrongful discharge here, subject to the discussion below.

### B.

■ The Virginians with Disabilities Act (VDA) provides a private cause of action for discrimination on the basis of a disability. VA.CODE ANN. § 51.5–41 (Michie 1994). The VDA states that "[t]he relief available for violations of this chapter shall be limited to the relief set forth in this section." VA.CODE ANN. § 51.5–46 (Michie 1994). Through that statement, "the General Assembly has indicated that the VDA is the exclusive state remedy for employment discrimination based

on disability." *Mannell v. Am. Tobacco Co.*, 871 F.Supp. 854, 862 (E.D.Va.1994). Because Virginia's public policy against disability discrimination is manifested through the VDA, and because the VDA contains an exclusivity provision, the court concludes that Stafford's action for disability discrimination must be pursued under the VDA and not as a claim for wrongful discharge in violation of public policy.

### V.

■ The defendants next assert that Stafford's claim for common law fraud fails on the pleadings because Stafford has not sufficiently alleged resulting damages. In her Complaint, Stafford alleged that the defendants' falsely represented that her position was being abolished and that she relied on that representation when she instituted a job search. Stafford also alleged that the defendants' misrepresentation "negatively impacted on [her] business reputation, and caused [her] severe emotional distress and embarrassment." (Complaint, at 4.)

■ In order to state a claim for fraud in Virginia, a plaintiff must allege the following elements: (1) a false representation of a material fact, (2) made intentionally and knowingly, (3) with intent to mislead, (4) relied upon by the party misled, (5) resulting in damage to the party misled. *Advanced Resources Int'l, Inc. v. Tri–Star Petroleum Co.*, 4 F.3d 327, 329 (4th Cir.1993) (citing *Nationwide Mutual Ins. Co. v. Hargraves*, 242 Va. 88, 405 S.E.2d 848, 850 (1991)). "[T]he rule as to what constitutes damage . . . may broadly be stated to be that there is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed." *Community Bank v. Wright*, 221 Va. 172, 267 S.E.2d 158, 160 (1980) (citing *Cooper v. Wesco Builders, Inc.*, 76 Idaho 278, 281 P.2d 669, 672 (1955)).

Only the element of damage is at issue here. The defendants argue that Stafford's alleged damage did not result from her reliance on their alleged fraudulent misrepresentation, but instead resulted from her termination. The court agrees. Although Stafford may have been damaged by the defen-

**1376**

dants' conduct, that damage does not support a claim for common law fraud because it was not a result of Stafford's reliance upon the alleged misrepresentation. The only action taken by Stafford in reliance upon the defendants' alleged misrepresentation is that she instituted a job search, an act that did not significantly worsen her condition. As such, Stafford has failed to sufficiently allege the damage element to common law fraud, and the court will dismiss that claim.

## VI.

■ The defendants challenge Stafford's request for compensatory and punitive damages on the grounds that the ADEA provides no right for the recovery of either. The court finds this contention meritless. First, Stafford's request for compensatory and punitive damages is general and not particularly tied to her ADEA claim. Both types of damages may be awarded in common law tort actions. Stafford has stated such tort claims. Second, liquidated damages, which are punitive in nature, are available under the ADEA. *See Commissioner of Internal Revenue v. Schleier,* —— U.S. ——, —— 115 S.Ct. 2159, 2165, 132 L.Ed.2d 294 (1995) (recognizing that "Congress intended for liquidated damages to be punitive in nature"). Although Stafford requested "punitive damages," that terminology provides sufficient notice of a claim for liquidated damages under the ADEA.

## VII.

For the reasons stated above, the court will grant the defendants' motion in part and deny it in part. The court will dismiss Stafford's ADA and ADEA claims against Carilion and VHA; it will dismiss Stafford's fraud claim; and it will dismiss Stafford's claim for wrongful discharge on the basis of a disability. Stafford's remaining claims survive the defendants' challenge.