# CIRCUIT COURT OF THE CITY OF WINCHESTER

Sonja Wilson

v.

Miller Auto Sales, Inc., et al.

Case No. (Law) 97-281

Angel Turner

v.

Miller Auto Sales, Inc., et al.

Case No. (Law) 97-282

Tabetha Humble

v.

Miller Auto Sales, Inc., et al.

Case No. (Law) 98-26

April 22, 1999

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendant Miller Auto Sales' Motion for Reconsideration of this Court's April 21, 1998, Order denying the Defendant's Plea in Bar based on the Plaintiffs' alleged failure to name Miller Auto Sales, Inc., as a party in the complaints which they filed with the Equal Employment Opportunity Commission. The parties have filed memoranda of

authorities in support of their respective positions. Upon consideration whereof, the Court has decided to deny the Defendant's motion for reconsideration.

## I. *Statement of Material Facts*

There is no genuine dispute about the following facts.

Miller Auto Sales, Inc., is a Virginia corporation which operates a Mitsubishi auto dealership in Winchester, Virginia, under the trade name of "Miller Mitsubishi."

Plaintiffs Wilson and Turner are women who formerly worked for Miller at Miller Mitsubishi and who have sued Miller alleging sexual harassment in the work place. Prior to filing their actions, the Plaintiffs filed discrimination charges with the Equal Employment Opportunity Commission naming Miller Mitsubishi as the respondent. On December 31, 1997, the Plaintiffs filed these law actions naming Miller Mitsubishi as the Defendant.

The Defendants earlier filed a motion to dismiss on the grounds that the Plaintiffs had failed to name the proper corporate party, which this court denied and permitted the Plaintiffs to amend naming Miller Auto Sales, Inc., as the Defendant.

The Defendants have filed a motion for reconsideration claiming that the Plaintiffs "misrepresented that they had filed their formal Charges of Discrimination without the assistance of counsel."

In the Plaintiff's 1998 memorandum in opposition to the Defendant's first motion to dismiss, Plaintiffs' counsel admitted that "her attorney did have the correct [corporate] name and did send a letter with a draft of the charge of discrimination with the EEOC ... ."

Miller's present counsel in these law actions represented "Miller Mitsubishi" before the EEOC.

When this Court ruled on April 21, 1998, to dismiss the Defendant's Plea in Bar, the Court knew that either Ms. Solomon or her then associate, Ms. Melusen, had assisted in the preparation or prepared the initial charging documents filed with the EEOC setting forth the complaints of Wilson and Turner and that Ms. Solomon knew or should have known of the correct corporate name when she filed these lawsuits. See Court's colloquy with Ms. Solomon, Transcript, Exhibit 2, Defendant's Motion to Reconsider.

## II. *Conclusions of Law*

There was no misrepresentation by Plaintiff's counsel in this case, and there are no new material facts before the Court which would cause it to change its earlier ruling.

The Defendant has overread the authorities cited to the Court in support of its position on the misnomer question. The cases which the Defendant cited to the Court are all cases in which an individual was not named at all in the EEOC proceeding. See, e.g. *Harris v. Norfolk & Western Ry.*, 720 F. Supp. 567 (W.D. Va. 1996) (motion to dismiss granted because two individuals and one separate corporate entity not named in EEOC complaint were named as defendants in the lawsuit); and *Bowerman v. Industrial Towel Supply, Inc.* (W.D. Va. 1996) (individual defendant named in the lawsuit was not named in the EEOC complaint).

*Tietgen v. Brown's Westminster Motors, Inc.*, 921 F. Supp. 1495 (E.D. Va. 1996), cited by the Defendant actually supports the Plaintiffs positions.

As a general matter, it is clear that an aggrieved employee may sue only those persons or entities named as respondents in his administrative charge. *See* 42 U.S.C. § 2000e-5(f)(1) (authorizing suit "against the respondent named in the [administrative] charge"); *see also Alvarado v. Board of Trustees*, 848 F.2d 457, 458 (4th Cir. 1988) (citing 42 U.S.C. § 2000e-5(f)(1) for proposition that suit may be brought *only* against respondent named in administrative charge). Construed strictly, however, this requirement could present a virtually insurmountable barrier for Title VII claimants, many of whom file administrative charges without the assistance of counsel. Recognizing this, courts have construed this requirement liberally in favor of *pro se* Title VII claimants. For instance, *the Fourth Circuit has read the technical naming requirement of 42 U.S.C. § 2000e-5(f)(1) to allow Title VII plaintiffs to sue parties not named in an administrative charge where the unnamed party is "functionally identical" to a named party. See Alvarado, 848 F.2d at 460. Other courts (including this one) have recognized another, apparently similar exception to the naming requirement known as the "substantial identity" test. This exception applies "where there is substantial, if not complete identity of parties," to avoid denying jurisdiction based on "unnecessarily technical and restrictive readings" of the statute. EEOC v. American Nat'l Bank, 652 F.2d 1176, 1186, n. 5 (4th Cir. 1981) (quoting*

*Chastang v. Flynn & Emrich Co.,* 365 F. Supp. 957, 964 (D. Md. 1973)), cert. denied, 459 U.S. 923 (1982). *Although the Fourth Circuit has not yet explicitly adopted the "substantial identity" test, it has indicated its approval of the test in dictum. See id.; see also Alvarado,* 848 F.2d at 461 (noting Fourth Circuit's *dictum* in *American Nat'l Bank).* No court, it appears, has considered whether there is any significant difference between the "substantial identity" and "functional identity" exceptions to the naming requirement. Perhaps this is because the difference is merely one of the degree or extent of the affinity or equivalence between the entities in question.

In any event, the statutory naming requirement is no threshold bar to Tietgen's claim because he has alleged the requisite "substantial identity." He has also alleged facts in the complaint that suggest the dealerships are under common control, including specifically that the same persons exercised control over employment decisions at both dealerships. Given these allegations, defendants' attack on this ground cannot succeed at this stage of the case. Of course, it is unclear whether Tietgen's proof will ultimately establish the requisite functional or substantial identity of the two dealerships, a matter defendants may later test by way of motions pursuant to Rules 50 or 56, Fed. R. Civ. P. For now, Brown's Pontiac remains a defendant.

(Emphasis added.)

In this case, there is substantial or functional identity between Miller Mitsubishi and Miller Auto Sales, Inc., insofar as the operation of the Miller Mitsubishi auto franchise in Winchester is concerned.

In *Alvarado v. Board of Trustees of Montgomery Community College,* 848 F.2d 457, 460 (4th Cir. 1988), the claimant named Montgomery Community College in her EEOC complaint as opposed to the college's Board of Trustees, and the Defendant sought to have the case dismissed based on the plaintiff's failure to technically name the correct party. The Fourth Circuit Court of Appeals was not impressed by this argument and noted:

[T]he naming requirement is designed to provide notice to the charged party and to permit the EEOC to attempt voluntary conciliation of complaints. The two goals are in no way compromised by a finding that Alvarado satisfied the naming requirement by listing the college in the administrative complaint and the board of trustees in the lawsuit.

In this case Miller retained counsel and defended the complaints before the EEOC and participated actively in that administrative proceeding. See Exhibit C to Plaintiffs' Response to Defendant's Motion for Reconsideration. Neither the goals of the Act nor Miller Auto's Sales' defense is in any way compromised by permitting the lawsuits to go forward.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Defendant Miller Auto Sales, Inc.'s Motion for Reconsideration of the Court's April 21, 1998, Order denying Miller's Motion to Dismiss is denied.