# CIRCUIT COURT OF WESTMORELAND COUNTY

William M. Balderson, Jr.

v.

Melissa S. McNamara
and Kathryn S. Knoeller

June 22, 1999

BY JUDGE JOSEPH E. SPRUILL, JR.

This is a defamation action brought by William M. Balderson, Jr., against Melissa S. McNamara and Kathryn S. Knoeller, employees of the Westmoreland County Department of Social Services, who are being sued in their individual, not in their official, capacities. The claims arise from an investigation made by the defendants of charges of sexual abuse by the plaintiff of his adopted teenage daughter, Mary Ellen Balderson.

A demurrer and plea in bar have been filed by the defendants. These pleas were argued May 26th. The Court has considered the arguments of counsel and have read their supporting memoranda.

The Motion for Judgment alleges that William M. Balderson was accused by Mary Ellen of sexually abusing her. The allegations were first made by Mary Ellen at a church-sponsored camp to counselors who, pursuant to state law, reported the matter to the Northumberland County Department of Social Services, which requested that the Westmoreland County Department of Social Services investigate the claim. Melissa McNamara was given this task. Her investigation consisted of interviews with Mary Ellen, camp counselors, Mary Ellen's adoptive parents and her brother, and an examination of Mary Ellen conducted by the Charter Westbrook Hospital. Following this, McNamara and her supervisor, defendant Kathryn S. Knoeller, reported on behalf of the Department a founded case of sexual abuse, level 1, and referred

their findings to the central registry as required by Virginia Code § 63.1-248.6:2, and to the Baldersons, in August 1997. In March 1998, the Department's finding was reversed by a hearing officer, following a hearing in January 1998, pursuant to Virginia Code § 63-1-248.6:1, primarily because "Mary Ellen recanted the statements wherein she alleged abuse, and without such testimony, there was not clear and convincing evidence of the abuse."

### Special Plea in Bar

The defendants assert that this claim is barred by the doctrine of sovereign immunity and absolute or qualified privilege.

They argue that courts increasingly are inclined to invoke immunity doctrines to protect government employees. In resolving this issue, however, we are concerned not with proof but with allegations. In *Elder v. Holland*, 208 Va. 15 (1967), the Supreme Court held that "as long as ... agents act legally and within the scope of their employment, they act for the State, but if they act wrongfully, the conduct is chargeable to them alone." The court here further held that a state employee may be held liable for intentional torts. The Motion for Judgment alleges that the actions of the defendants were intentional in this case. In *Smalls v. Wright*, 241 Va. 52 (1991), the court rules that a qualified privilege is lost if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common law malice. The defendants cannot rely on immunity doctrines to shield them from liability for intentional torts committed with malice. Accordingly, the Plea in Bar is overruled.

### Demurrer

The defendants demur, arguing that to sustain a defamation action, the motion for judgment must allege that the statements made by the defendants are false; that the statements must be communicated to a third party; and that such acts must be done with malice. The defendants claim that the motion for judgment does not state a cause of action for defamation.

A demurrer admits the truth of all material facts that are properly pleaded. Facts admitted as true are (1) those expressly alleged; (2) those which by fair intendment are impliedly alleged; and (3) those which may be fairly and justly inferred from the facts alleged. *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985).

We do not determine here whether the statements attributed to the defendants are false. Rather, we determine whether the plaintiff claims they

were false. He does, explicitly in paragraphs 27 and 38 of the Motion for Judgment.

To be defamatory, the words must be communicated to a third party. Defendants complain that no third party is identified. They suggest that Mrs. Balderson, who was indeed notified of the findings made by the defendants, may be the third party and contend that as wife of the plaintiff now and alleged child abuser then, and as mother of the victim, the defendants had a duty to inform her of the proceedings. The logic of this contention is unassailable. Mrs. Balderson cannot be used to satisfy the requirement that the allegedly defamatory statements be communicated to a third party. Virginia Code § 63.1-248.6 makes clear that the parents of any child alleged to be the victim of such abuse should be informed of all proceedings.

The Motion for Judgment alleges that the statements by defendants were communicated to "other third parties," yet none were named. The pleadings are deficient because they fail to specify the identity of the "other third parties" and thus clearly inform the defendants of the basis of plaintiff's claim. Unless defendants know the identity of these "other third parties," they cannot be apprised of the true nature of the claim asserted against them. *Sun Life Assurance Co. v. Bailey*, 101 Va. 443 (1903); *Childress v. Clement*, 44 Va. Cir. 169 (1997).

Further, the plaintiff is required to set forth in his Motion for Judgment the exact words spoken or written that he claims are defamatory. He refers to letters from defendants which are attached as exhibits to his motion, but he does not adequately inform defendants of the precise words upon which he bases this action. *Federal Land Bank v. Birchfield*, 173 Va. 200 (1938).

Accordingly, the demurrer is sustained with leave to amend within fourteen days, naming specifically the third parties to whom the allegedly defamatory statements were communicated and setting out specifically what the allegedly defamatory words are. In all other respects, the demurrer is overruled.