244

**CIRCUIT COURT OF LEE COUNTY**

Terry Wright

    v.

St. Charles Water
Authority et al.

July 11, 2002

Case No. 0102-032

BY JUDGE FORD C. QUILLEN

This matter before the court involves complainant, Terry Wright, who brings forth three causes of action that are all related to the same set of facts and occurrences. The complainant alleges (1) wrongful termination due to a disability, (2) breach of implied covenant of good faith and fair dealing, (3) defamation. The defendants bring forth a demurrer to dismiss all causes of action. The most salient reason for the demurrer is the complainant failed to state a cause of action and provide written notice as required by the Virginians with Disabilities Act.

*First Cause of Action*

The complainant alleges he was terminated from his employment with the Town of St. Charles and with the St. Charles Water Authority solely because of his disabilities, which include diabetes, high blood pressure, and a "nervous condition." According to the complainant's pleaded allegations, citing the Virginians with Disabilities Act, Virginia Code §§ 51.5-1 through 51.5-52, the Town Manager of St. Charles asked Mr. Wright to take a leave

of absence from work on June 9, 2000, because the Town Manager believed the complainant had a drug problem. Complainant contends that any "drug problem" emerges from the medication he must take for his disabilities. Upon the advice of his doctor, the complainant subsequently took a two-week sick leave from work. After immediately returning to work, the complainant was informed that he was being laid off. Thus, on or about June 23, 2000, the complainant was suspended from work. On or about February 15, 2001, complainant's counsel mailed the Bill of Complaint and served the defendants. On or about February 20, 2001, the defendants received notice of this pending suit approximately 237 days after his discharge.

The Court finds that the Virginians with Disabilities Act (VDA) is the exclusive state remedy for employment discrimination; thus, there is no common law wrongful discharge claim. *See Mannell v. American Tobacco Co.*, 871 F. Supp. 854 (E.D. Va. 1994). The complainant is "required to pursue any state law claim of disability discrimination under the VDA." *Id.*

As in the VDA, the Virginia Human Rights Act (VHRA) limits the causes of action to only those afforded in the Act and bars any claim for wrongful termination in violation of the public policy embodied in either the VDA or the VHRA. Thus, since the VDA contains an exclusivity provision, a disability discrimination action must be pursued under the VDA. *Stafford v. Radford Community Hosp.*, 908 F. Supp. 1369 (W.D. Va. 1995), aff'd 120 F.3d 262 (4th Cir. 1995). All relief sought must be found in the remedies listed in § 51.5-46 of the VDA. Punitive or exemplary damages shall not be awarded; compensatory damages and reasonable attorney's fees may be awarded. *Id.* It is noted that actions brought under the VHRA must adhere to the same 180-day written notice requirement. See Virginia Code § 2.2-2639.

The Virginians with Disabilities Act § 51.5-46 provides that any action brought against the employer shall be brought within one year after the occurrence of any violations under said act and that the potential defendant must receive written notice of the claim within 180 days from the date of the alleged violation. Based upon the complainant's allegations, valid notice was not given pursuant to § 51.1-46 of the Code of Virginia, and accordingly the complainant's first cause of action (wrongful termination) is dismissed with leave to amend if the complainant can prove notice was given within the required 180-day time limit.

*Second Cause of Action*

The complainant's second cause of action, breach of implied covenant of good faith and fair dealing, is dismissed. A covenant of good faith and fair dealing will not be implied as a part of an at-will employment contract where the employer as well as the employee are at liberty to terminate the contract. *Schryer v. VBR*, 25 Va. Cir. 464 (1991). Virginia does not recognize an independent claim for breach of an implied covenant of good faith and fair dealing in an at-will employment contract. *Derthick v. Bassett-Walker, Inc.*, 904 F. Supp. 510 (W.D. Va. 1995).

*Third Cause of Action*

The complainant's final cause of action is a defamation claim. Complainant contends that the defendants knowingly made false statements that he had a drug problem and that he was spending the Authority's money on drugs. "Defamatory words which are actionable per se are those which (1) impute commission of a criminal offense involving moral turpitude, (2) impute infection with some contagious disease, (3) impute unfitness to perform the duties of an office or employment, or want of integrity in the discharge of such duties, or (4) prejudice a person in his profession or trade." *Fleming v. Moore*, 221 Va. 884, 889 (1981). Furthermore, for common law defamation the complainant must precisely state the language he claims to be defamatory and identify the speaker of said language. *Federal Land Bank v. Birchfield*, 173 Va. 200 (1939).

Finally, to be defamatory, the words must be communicated to a third party. *Balderson v. McNamara*, 49 Va. Cir. 254 (1999). For the purpose of ruling on the demurrer, the Court must accept the complainant's pleadings and finds that the pleadings are sufficient. The defamation claim was pleaded with adequate specificity, was communicated to a third party, and the defamatory words may be actionable. Hence, complainant can proceed solely on his third cause of action, defamation.

Consequently, defendant's demurrer is overruled regarding the complainant's defamation claim and is sustained in regard to Causes One and Two.