**Joseph MOORE, Plaintiff,**

v.

**AMERICAN EXPRESS COMPANY, et al., Defendants.**

Civ. A. No. A:87–0075.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 1, 1987.

Joseph Moore, pro se.

Mark A. Mangano, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for defendants.

## ORDER

HADEN, Chief Judge.

Pending are the Defendants' motions to dismiss and for summary judgment. Considering the Plaintiff's responses and the time for further responding having passed, the Court now considers these matters mature for consideration.

The Defendants move to dismiss on the basis of the Plaintiff's lack of indigency. The Plaintiff appears in this action as a pauper, obtaining leave to proceed without prepayment of filing fees. In his application to proceed *in forma pauperis*, dated December 19, 1986, the Plaintiff states as current assets the cash sum of $32.86 in a checking account and a 1973 Coupe de Ville, valued at $250.00. Based upon this application the Court granted the Plaintiff *in forma pauperis* status under 28 U.S.C. § 1915, and ordered that the complaint be filed and process be issued pursuant to *Rule* 4, Federal Rules of Civil Procedure.

In a deposition of Moore taken shortly after the filing of his complaint, Moore admitted that he received $35,000.00 annually as beneficiary of a trust and owned a farm with a value of $48,800.00. Further, at page 37 of the deposition, attached as an exhibit to the Defendants' May 21, 1987, motion, Moore assesses his own net worth as in excess of one million dollars.

Accordingly, the Defendants' motion to dismiss the Plaintiff's complaint on the basis of obtaining *in forma pauperis* status under false representation is granted and the Plaintiff is ORDERED to pay the customary $120.00 filing fee and other costs which have heretofore been waived by reason of the Plaintiff's alleged indigency.

The Defendants also move substantively against the Plaintiff by motion to dismiss and by motions for summary judgment. The Defendants' motion to dismiss challenges the Plaintiff's complaint on the basis of its failure to allege an essential element to the cause of action which Moore seeks here to maintain. Moore's complaint is a single-count complaint alleging defamation as the result of the tape recording of a phone conversation obtained by Moore. Moore obtained the tape recording of a conversation between American Express employees Richard Caputo and Jill Cytryn. In this conversation Moore was described as "crazy" and "sick". The allegedly defamatory remarks were made as between employees of American Express and became known to the Plaintiff by his taping the Defendants.

■ An essential element required to maintain a defamation action is a nonprivileged communication to a third party. *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 77 (W.Va.1984). Further, no publication occurs where the communication, which regarded a matter of corporate interest, remained entirely within the corporation. *Mutafis v. Erie Insurance Exchange*, 561 F.Supp. 192, 195 (N.D.W.Va. 1983).

■ In the instant case, Moore's allegation of defamation arises from a conversation between two American Express employees about a corporate matter which came to his knowledge only by reason of his taping of a conversation to which he was not a party. Since the Plaintiff does not and cannot allege a nonprivileged com-

munication to a third party, his complaint fails to state a cause of action for defamation.

Accordingly, the Defendants' motions to dismiss are granted. Because of the conclusions reached in the Defendants' motions to dismiss, the Court finds it unnecessary to reach the merits of the Defendants' motions for summary judgment.