## CIRCUIT COURT OF THE CITY OF RICHMOND

Roger M. Loria

    v.

William Regelson et al.

August 26, 1996

Case No. LA 260-3

BY JUDGE T. J. MARKOW

The parties appeared by counsel on August 12, 1996, for argument on the Demurrers of the Defendants Regelson and Garrison. The court will rule as to each defendant separately.

The following summarizes the pleadings. Plaintiff began researching various applications for certain steroids involving their immune enhancing properties. He discovered that three steroids held advanced immune enhancing properties. These steroids were discussed with Dr. Regelson, Professor Loria's colleague at Virginia Commonwealth University (VCU). VCU administrators decided to claim an interest in the products pursuant to the institutional policy concerning patentable products discovered or produced with university materials. After a long search, Neurocrine Biosciences, Inc. (NBI) agreed to invest in the product by licensing and contracting for further research.

As time passed, confusion arose. Defendants corresponded with VCU administrators and NBI executives concerning the licensing and research agreements. Loria alleges that in this correspondence, each of these defendants defamed him with the publication of these letters/memoranda in 1994. He claims injury to his reputation and monetary damages. Defendants claim that there was no publication and therefore no defamation. Further, Defendants claim that the statements made by him were matters of perception and opinion, and as such, could not be defamatory.

## 1. *Defendant Regelson*

Dr. Regelson is an employee of VCU. He also serves as a consultant for NBI. On February 8, 1994, Regelson wrote a letter to Dr. Trani, President of VCU. The letter addressed Dr. Loria and the steroid project. It referenced the NBI project and related events as a "paranoid disaster" and described Loria as a "loose cannon of paranoid proportion" who created a "*chien lit*" over the University. Regelson further stated that Loria had not been reporting to NBI per the research agreement. However, he admitted that he was not aware of the details. The letter written by Regelson was marked "cc: Bob Garrison, Bill Dewey." Garrison is the VCU director of intellectual property. Dewey is VCU Vice Provost of Technology Development. Plaintiff's Second Amended Motion for Judgment states that this letter was also published to Herbert Chermside, the VCU Director of Sponsored Research, and Gary Lyons, the President and Chief Executive Officer of NBI. Additionally, Plaintiff pleaded that the letter was sent to "various persons outside the University," and, as VCU is a "governmental instrumentality and a public body," this letter became accessible to the public under the Virginia Freedom of Information Act (Va. Code Ann. § 2.1-342 (Michie 1995)). Plaintiff alleges that this correspondence constituted defamation. Regelson demurs on the grounds that the Second Amended Motion for Judgment fails to state a cause of action, as there was no publication, and that the statements are matters of perception and opinion.

Defamation occurs when there is a publication of a defamatory statement to a third party. There is no publication when a defamatory communication occurs between persons within a corporate entity who have a duty and interest in the subject. *Chalkley v. Atlantic Coast Line R. Co.*, 150 Va. 301, 334 (1928); *Montgomery Ward v. Nance*, 165 Va. 363, 378-79 (1935). Additionally, no publication occurs where the communication, which regards a matter of corporate interest, remains entirely within a corporate entity. 12A Michie's Jurisprudence of Virginia and West Virginia, *Libel and Slander*, § 12 (1989). *See also Moore v. American Express*, 663 F. Supp. 97, 98 (S.D. W. Va. 1987); *Mutafis v. Erie Ins. Exch.*, 561 F. Supp. 192, 195 (N.D. W. Va. 1983).

Counsel for Regelson argued that the communication between Regelson and other University officials did not constitute publication because it was within a corporate context and about a matter of corporate interest, as well made to persons with attending duties and interests in the subject matter. The court agrees. VCU, as an interested party in the intellectual property,

has an interest in the licensing of that property and the continued development of the technology through the efforts of itself (in the form of its employees, including Professor Loria) and those of NBI.

The parties were all interested in this subject, as well. As a researcher funded by NBI for a portion of the steroid project, Dr. Regelson held a vested interest in the continuation of the license agreement and continued financial support from NBI for further research. Since he served as an NBI consultant and worked as VCU faculty, Dr. Regelson informed the administration of matters concerning the project and the welfare of the University overall. Dr. Regelson's activities were not outside the scope of his responsibilities.

Dewey, Garrison, and Chermside all held similar interests in the license and research agreements with NBI and Dr. Loria's relationship with the company. As Vice Provost of Technology Development, Dewey was impliedly responsible for protecting and overseeing projects involving technological advancements like this steroid project. Likewise, Garrison's interest in the NBI agreements and Loria's efforts stemmed from his direct responsibility for licensing intellectual property of the University to third parties. The same holds true for Chermside as the Director of Sponsored Research. Since this project evolved from the license of a new and potentially patentable discovery which led to contracts for sponsored research within the University, Dewey, Garrison, and Chermside are three parties who should be notified of any developments concerning the agreements. Thus the communication with Trani, Dewey, Garrison, and Chermside remained within the University and among those with corresponding interests and duties.

Plaintiff also claims that this letter was published to executives and scientists at NBI, including Gary Lyons. As Regelson was employed as a consultant for NBI and Lyons is the President of NBI, communication between them also constitutes corporate communication amongst interested parties and about a matter of corporate interest. The same is true of any communications with executives and scientists at NBI concerning this matter. Therefore, this does not constitute publication.

Plaintiff also pleads that since the University is a public body, this letter is available to the public. This is not publication, either. Publication is accomplished by uttering the defamation to some third person so as to be heard and understood by such person. *Thalhimer Bros. v. Shaw*, 156 Va. 863 (1931). That any member of the public had the ability to obtain this letter does not constitute publication. The plaintiff must allege that a per-

son or people outside of the two corporate environments did, in fact, see and read the letter. Since the Plaintiff has not named any such person, this allegation does not constitute publication. *See Hines v. Gravins*, 136 Va. 313, 318 (1924) (defendant ultimately entitled to know parties to whom publication was made).

Similar claims and demurrers were proffered by the parties concerning a second letter written by Regelson which was dated February 17, 1994. Plaintiff claims that this letter was published to "Lyons, other scientists at NBI, colleagues at VCU, and administrators at VCU including, without limitation, Chermside, Dewey, and Garrison." Plaintiff also claims that Lyons then republished this letter to "various persons at the University." As discussed above, each of the named parties is in a position of interest and within the same corporate entity at Regelson. As such, this does not constitute publication. As for the republication alleged, without naming the parties to whom the letter was republished, the pleading is fatally deficient. Additionally, as outlined above, that this became a document available to the public does not constitute publication, either.

Because the court has decided that the communications among the VCU officials, faculty, and NBI were not publications, the court need not address whether the statements were matters of opinion or actionable facts. The lack of publication is a fatal error in the pleadings. The demurrers are sustained. As this is the Plaintiff's Second Amended Motion for Judgment, the matter is dismissed without leave to amend.

### 2. Defendant Garrison

Garrison serves as Director of Technology Transfer at VCU. Plaintiff alleges that defendant Garrison defamed him by publishing a libelous memorandum to Dr. Dewey (VCU Vice Provost for Technology Development), Eugene Trani (VCU's President), David Ross (VCU's legal counsel), Herbert Chermside, and Defendant Regelson. Plaintiff also alleges that the memorandum was published to various other scientists, administrators and faculty at VCU. The Plaintiff continues by claiming publication to people outside the University, including Lyons. Additionally, Plaintiff asserts that this memorandum became a public record.

Plaintiff asserts Garrison knowingly or negligently made false statements claiming that: (1) the Regelson and Loria relationship had escalated into a lawsuit over the steroid projects, (2) Loria declared to "bureaucratize" the project to make it less attractive, (3) Loria's actions were "detrimental" to VCU and Loria was combative toward and uncooperative

with NBI, and (4) Loria, alone, caused the forfeiture of funds from NBI for research.

Garrison argues that the complaint fails to state a cause of action because the Second Amended Motion for Judgment does not allege that the statements were published; since they were communicated to individuals within the same corporate entity, the corporation has an interest in the subject matter and the individuals have related duties and interests. Garrison further claims that the statements were matters of perception and opinion, and, as a matter of law, not defamatory.

To the extent that this memorandum was given or shown by Garrison, a University employee, to other University employees, such as Dewey, Trani, Ross, Chermside, and Regelson, this was a communication within the University itself, and not a publication. Plaintiff's claims that this memorandum also went to others within the University is deficient, as explained above. Likewise, the Plaintiff's claim that the memorandum become a public record fails to establish publication.

The Plaintiff does allege one publication in this count of his pleadings. That is the memorandum by Garrison, an employee of VCU, reaching Lyons, an employee of NBI. With this publication in mind, the court turns to the alternative grounds of demurrer argued by Garrison.

The Defendant argues that the statements made in the memorandum were simply matters of perception and opinion, and not issues of fact. As such, the Defendant argues, they are not defamatory. The court agrees. Most of the statements made in the memorandum which were referred to by Plaintiff in his Second Amended Motion for Judgment are simply opinion and observation. Those few remaining statements that are matters of fact are not defamatory against the Plaintiff. It is not, for example, defamation for one person to tell another person, erroneously, that a third person was involved in litigation.

For these reasons, including the lack of publication as to University employees and the lack of defamation as to Lyons, the court sustains Garrison's Demurrer, without leave to amend.

### 3. *Conspiracy*

In Count IV, Plaintiff alleges a conspiracy between the defendants and Lyons. The Second Amended Motion for Judgment claims a conspiracy to willfully and maliciously injure the plaintiff in his reputation, trade, business, or profession, including, but not limited to, his business as an inventor in the field of medicine. To support this claim, Plaintiff cites Virginia

Code § 18.2-499(a). Also within Count IV, Plaintiff claims that the defendants, in violation of the same statute, did solicit others to form a conspiracy.

The defendants aver that the conspiracy charge in Count IV fails to state a cause of action in that the only injury alleged by the Plaintiff is an injury to his professional reputation. The defendants argue that a conspiracy charge cannot relate to injury to an individual's professional reputation or employment interests. They also argue that Count IV presents no facts to support its claim of conspiracy. Defendant Garrison further claims that officials of a public body working within the scope of their employment could not conspire.

No conspiracy exists under § 18.2-499 of the Code when damage to the "professional reputation" of an individual is alleged. *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985). *See also Campbell v. Board of Supvrs.*, 553 F. Supp. 644, 645 (E.D. Va. 1982); *Moore v. Allied Chemical Corp.*, 480 F. Supp. 364, 375 (E.D. Va. 1979); *Ward v. Connor*, 495 F. Supp. 434, 439 (E.D. Va. 1980). The statute is aimed at conduct which injures a business and is to be construed to exclude employment from its scope. *Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985); *Campbell v. Board of Supvrs.*, 553 F. Supp. 664 (E.D. Va. 1982).

The court rejects the Plaintiff's claim that the actions taken by the defendants constitute a conspiracy as defined in Virginia Code §§ 18.2-499 and 18.2-500. While the Plaintiff appears to be stating a cause of action against a business interest, not simply a professional reputation or employment interest, the facts presented do not support this contention. The Plaintiff's business, "as an inventor in the field of medicine," is encompassed entirely within his employment as a researcher at VCU. It is not sufficient simply to recharacterize this employment interest as a business interest.

Drawing all reasonable inferences from the pleadings, the court believes that the Plaintiff has not stated a cause of action against the defendants as he is claiming damage only to his employment interest and his professional reputation. The lack of information in Count IV leads the court to believe that the only injury claimed by the Plaintiff was damage to his reputation and monetary losses related to employment as averred in the other counts.

The demurrers are sustained as against all counts of the Second Amended Motion for Judgment. As leave to amend has previously been granted, the Plaintiff will not be granted further leave to amend.