# CIRCUIT COURT OF THE CITY OF RICHMOND

Philip A. Childress, Jr.

v.

Mary J. Clement,
David P. Geary,
and Eugene P. Trani

December 9, 1997

Case No. LC-2078-3

By Judge T. J. Markow

This case is before the court on demurrers and pleas of immunity. The plaintiff is Philip A. Childress, Jr., a former graduate student in the Department of Criminal Justice at Virginia Commonwealth University ("VCU"). The defendants are Mary J. Clement, a Professor in the VCU Department of Criminal Justice and Honor System coordinator for the College of Humanities and Sciences; David P. Geary, also a Professor at VCU; and Eugene P. Trani, the President of VCU.

## I. *Motion for Judgment*

The plaintiff was a graduate student at VCU until July 10, 1997, at which point he was expelled for cheating and committing plagiarism. Count One of the Motion for Judgment pertains to the allegations of slan-

der[1] committed by Clement and Geary. Accusations of cheating and plagiarism by the plaintiff began in April 1997. A formal charge was made to the VCU Honor Council by Clement on April 27, 1997. Additional accusations of cheating and plagiarism were lodged by Geary between April 1997 and May 21, 1997. The plaintiff contends in paragraphs 9 and 13 of his Motion for Judgment that these "statements were published by Clement and Geary to numerous individuals both orally and in writing . . . [and] have been repeated numerous times throughout the VCU community and throughout the Richmond metropolitan area." Further, the plaintiff argues that all of these statements were false, slanderous, and known to be false. In the event that Clement and Geary were unaware that the statements were false, the plaintiff contends that these accusations were made with reckless disregard for the truth. Finally, the plaintiff maintains that this malicious conduct has ruined his career and reputation.

Although the plaintiff's pleadings omit any discussion of the Honor Council proceedings and subsequent appeal, his responses to the defendants' requests for admissions confirm the procedural steps that followed the accusations of plagiarism and cheating. The VCU Academic Campus Honor Council met to consider the charges against the plaintiff on May 30, 1997, finding Childress guilty of one count of cheating and two counts of plagiarism. The University Appeal Board considered and rejected the plaintiff's appeal on July 2, 1997. Notably, the appeal did not challenge the factual allegations of plagiarism and cheating, but rather contends that the Council failed to properly interpret the plaintiff's disability test scores and that the sanction imposed was not proportionate to the conduct cited. The Board recommended to Trani that he sustain the Honor Council decision. Trani adopted this recommendation, notified the plaintiff and released the information to various VCU officials on July 10, 1997. Notice was given to Susan E. Kennedy, Dean of the College of Humanities and Sciences; William H. Duvall, Assistant Vice Provost and Dean of Student Affairs; and Robert L. Clifton, Dean of Student Affairs, MCV Campus. Trani is required by the guidelines of the VCU Honor System and the Rules and Procedures of Virginia Commonwealth University to publicize penalties assessed by the Honor Council in this manner. It is this publication of the

---

[1] Slander is "[t]he speaking of base and defamatory words tending to prejudice another in his reputation, community standing, office, trade, business or means of livelihood." *Blacks Law Dictionary* 1388 (6th ed. 1990).

Honor Council verdict to Kennedy, Duvall, and Clifton that is the focus of Count Two.

The plaintiff argues that Trani's communication was malicious, i.e., made with a reckless disregard for the truth. Further, the plaintiff contends that Trani is responsible for the republication of these slanderous statements throughout the VCU community and the Richmond metropolitan area. Finally, the plaintiff maintains that Trani's malicious conduct has ruined his career and reputation.

Count Three of the Motion for Judgment alleges that Clement and Geary conspired pursuant to Va. Code § 18.2-499 "to ruin the reputation, trade, business and profession of Childress, and said conduct was willful and malicious."

## II. *Demurrer*

The court's duty on a demurrer is to take all material facts properly pleaded as true and then determine whether this is sufficient to state a cause of action for slander and conspiracy. *See Lentz v. Morris*, 236 Va. 78, 80, 372 S.E.2d 608, 609 (1988). "[T]he facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Id.* (quoting *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717 (1988)).

The defendants contend that the plaintiff's pleadings fail to specify the time, place, and manner of publication such that the context of the statement cannot be evaluated. Next, the plaintiff's allegations of malice and falsehood are said to constitute conclusions of law and are unsupported by factual allegations. Third, the defendants argue that the statements attributed to each of them are protected under the doctrines of intra-corporate immunity and/or qualified privilege, i.e., each communication occurred between individuals conducting a business agency relationship, having some interest in the subject matter, and having some duty or authority to make the communication. The court will treat the components of this third argument as a plea of immunity, discussed in Part III, *infra*. Fourth, the defendants contend that the plaintiff's pleadings fail to state a claim for conspiracy as members of the same business or corporate entity cannot, as a matter of law, conspire together for purposes of Va. Code § 18.2-499.

The plaintiff's pleadings are fatally deficient because they fail to specify the identities of the "numerous individuals" that were allegedly privy to the defendants' defamatory statements. *Sun Life Assur. Co. v. Bailey*, 101 Va. 443, 445, 44 S.E. 692 (1903) (declarations must be sufficiently full and

clear to inform defendant of the basis for plaintiff's claim and enable defendant to plead to the action). Unless the plaintiff reveals the identities of these individuals in the VCU community and Richmond metropolitan area (other than specific VCU faculty members protected by privilege and/or immunity), the defendants cannot be apprised of the manner of publication and the true nature of the claims asserted against them. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1995). Publication requires the uttering of slanderous words to some third party so as to be heard and understood by that third party. *Thalhimer Bros. v. Shaw*, 156 Va. 863, 159 S.E. 87 (1931). Such factual allegations are not adequately pleaded here.

The plaintiff urges the court to reject the demurrer because the defendants have "attempted to bring in numerous extraneous matters in support of their demurrer." *See* W. Hamilton Bryson, *Handbook on Virginia Civil Procedure* 227 (2d ed. 1989) (a demurrer that alleges new facts is a "speaking demurrer" and will be stricken from the record). Childress has confirmed the truth of these "extraneous" facts in his responses to the defendants' requests for admissions. The Supreme Court of Virginia has held that facts set forth in the plaintiff's admissions in response to the defendants' requests for admissions may only be considered on demurrer if the parties have stipulated to their use. *Elder v. Holland*, 208 Va. 15, 18, 155 S.E.2d 369, 372 (1967). That decision is distinguishable from the instant case in that the *Elder* admissions were contained in the record of a formal administrative hearing. The Court implied that stipulation to the incorporation of the hearing transcript into the pleadings was motivated by a concern that the admissions were tainted because the hearing lacked the safeguards of a judicial proceeding. *Id.* at 22, 155 S.E.2d at 374.

Here, each of the requests for admissions (except the truthfulness of Clement and Geary's testimony to the Honor Council) were endorsed by the plaintiff, confirming that substantive and procedural due process was accorded to him by VCU and reciting the employment status of each of the defendants. There are no allegations that these disclosures are tainted or perjured in any way. Further, the parties agreed at the November 6, 1997, hearing to admit the VCU Rules and Procedures manual for the court's consideration of the demurrer and special plea. In any event, each of the facts "admitted" by the plaintiff is implicitly alleged or fairly and justly inferred from his pleadings. The plaintiff's failure to challenge the conduct or guilty verdict of the Honor Council proceedings implies that it was conducted pursuant to VCU policy. The admissions confirm this fact without forming a *de novo* factual basis for demurrer. Further, the plaintiff has al-

ready pleaded that each of the defendants is a VCU employee, which leads to an inference that their communications regarding the cheating and plagiarism charges were not random but rather made pursuant to their duties under University policy.

In sum, the court rejects the plaintiff's contention that the facts confirmed by the admissions may not be considered on demurrer. The procedural history surrounding the accusation and expulsion of the plaintiff, as detailed by the defendant and confirmed by the admissions, is directly relevant to the time, place, and manner in which the allegedly defamatory statements were communicated. The structure of the relationship between VCU, the defendants, and the plaintiff is at the heart of the Motion for Judgment and places the communications in their proper context.

The plaintiff maintains that the defendants knew their statements to be false at the time that the communications were made. However, it is undisputed that Childress was found guilty of cheating and plagiarism by the VCU Honor Council; that his appeal was based on the Council's interpretation of disability test scores and levying a disproportionate sanction, rather than based on a challenge of the allegations as "false"; and that this decision was affirmed by the University Appeal Board and endorsed by the VCU President. VCU has conclusively determined that the accusations regarding Childress' cheating and plagiarism are true. The plaintiff's allegations to the contrary are rebutted by the defendants' adherence to the appropriate disciplinary procedures underlying this suit. The court will not second-guess VCU's internal disciplinary proceedings here. *See Gottlieb v. Economy Stores*, 199 Va. 848, 857-58, 102 S.E.2d 345, 352 (1958) ("the power of courts in reviewing the internal management or policies of corporations is limited in scope and confined to cases of fraud, bad faith, breach of trust, gross mismanagement, or ultra vires acts").

In the alternative, Childress contends that the defendants conducted themselves with reckless disregard for the truth. "Generally . . . malice is a question of fact to be submitted to a jury, but where the communication is privileged, unless there is evidence from which a jury may fairly conclude that there was malice, there can be no recovery." *Federal Land Bank v. Birchfield*, 173 Va. 200, 222-23, 3 S.E.2d 405, 414 (1939). As discussed below, the communications here were privileged in a variety of ways. The plaintiff's general allegations of malice do not place the defendants on sufficient notice of the slander claim against it. *See Philip Morris Co. v. American Broadcasting Co.*, 36 Va. Cir. 1 (Richmond Cir. Ct. 1994) (mere conclusions of actual malice will not survive demurrer).

This court's ruling on demurrer in *Loria v. Regelson*, 39 Va. Cir. 536 (Richmond Cir. Ct. 1996), addresses allegations of conspiracy to defame. *Loria* was a defamation action filed by a VCU professor against several of his colleagues pertaining to the dissemination of several letters and memoranda in the University community. The court found that:

> No conspiracy exists under § 18.2-499 of the Code when damage to the "professional reputation" of an individual is alleged. *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985). *See also Campbell v. Board of Supvrs.*, 553 F. Supp. 644, 645 (E.D. Va. 1982); *Moore v. Allied Chemical Corp.*, 480 F. Supp. 364, 375 (E.D. Va. 1979); *Ward v. Connor*, 495 F. Supp. 434, 439 (E.D. Va. 1980). The statute is aimed at conduct which injures a business and which is to be construed to exclude employment from its scope. *Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985); *Campbell v. Board of Supvrs.*, 553 F. Supp. 664 (E.D. Va. 1982).

39 Va. Cir. at 541. The *Loria* plaintiff alleged that the defendants conspired to willfully and maliciously injure the plaintiff in his reputation, trade, business, or profession, including but not limited to his business as a medical inventor. *Id.* at 540. In the instant case, Childress contends that Clement and Geary willfully and maliciously conspired to ruin his trade, business, and profession. As noted above, no cause of action for conspiracy to damage professional reputation exists in the Commonwealth. Further, the plaintiff has failed to identify any trade, business, or profession that he is engaged in and which has been damaged by the cheating and plagiarism charges. In sum, Childress has failed to allege facts upon which a cause of action for conspiracy may be maintained.

### III. *Pleas of Immunity*

The defendants maintain that the allegedly defamatory statements underlying the Motion for Judgment are protected by the doctrine of intracorporate immunity, are privileged because they occurred in a quasi-judicial proceeding, and are protected by the doctrine of sovereign immunity.

This court's letter opinion in *Loria* is also dispositive of the intracorporate immunity question. The court stated:

> Defamation occurs when there is a publication of a defamatory statement to a third party. There is no publication when a defamatory communication occurs between persons within a corporate entity who have a duty and interest in the subject. *Chalkley v. Atlantic Coast Line R. Co.*, 150 Va. 301, 334 (1928); *Montgomery Ward v. Nance*, 165 Va. 363, 378-79 (1935). Additionally, no publication occurs when the communication, which regards a matter of corporate interest, remains entirely within a corporate entity. 12A Michie's Jurisprudence of Virginia and West Virginia, *Libel and Slander*, § 12 (1989). *See also Moore v. American Express*, 663 F. Supp. 97, 98 (S.D. W. Va. 1987); *Mutafis v. Erie Ins. Exch.*, 561 F. Supp. 192, 195 (N.D. W. Va. 1983).

*Id.* at 537.

In the instant case, the facts (as alleged, implied, and inferred) establish that the communication regarding the plaintiff's misconduct was made by letter and conversation between VCU faculty having a "duty and interest" in the outcome of Honor Council proceedings. Clement and Geary both served as instructors in the plaintiff's graduate program. Clement is also the honor system coordinator for the College of Humanities and Sciences. Trani is the President of the University and responsible for affirming or reversing Honor Council recommendations. Kennedy, Duvall, and Clifton must be informed of Honor Council matters pursuant to VCU guidelines and procedural rules. As the plaintiff has failed to specify the names of individuals *outside* the VCU community to whom publication was made, the court must infer that the dissemination of this information was entirely within the VCU entity and was, therefore, not "published" for purposes of a defamation action. Unless the defamation has been uttered to, heard, and understood by some person or people outside the VCU environment, there has been no publication. *See id.* at 538-39 (citing *Thalhimer Bros. v. Shaw*, 156 Va. 863 (1931); *Hines v. Gravins*, 136 Va. 313, 318 (1924) (defendant ultimately entitled to know parties to whom publication was made)).

The defendants also contend that their actions are protected by an absolute privilege since they were made in connection with a quasi-judicial proceeding. A judicial proceeding is "not restricted to trials of civil actions or indictments, but it includes every proceeding before a competent court or magistrate in the due course of law or the administration of justice which is to result in any determination or action of such court or officer." *Darnell v. Davis*, 190 Va. 701, 707, 58 S.E.2d 68, 71 (1950). Quasi-judicial is a "term applied to action, discretion, etc., of public administrative officers or

bodies, who are required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature." *Black's Law Dictionary* 1245 (6th ed. 1990). Statements made in the course of a quasi-judicial proceeding may not form the basis for a slander action. *See Smith v. Button*, 43 Va. Cir. 379 (Richmond Cir. Ct. 1997) (witness who identified plaintiff as a robber in a preliminary hearing cannot be liable for slander).

If the defendants' communications are in fact absolutely privileged, then the pleadings would fail to establish that slander occurred. Here, Clement was required by the Honor System to communicate these allegations of student misconduct to the Honor Council due to his status as a faculty member and Honor System coordinator. He was also responsible for counseling both the faculty accuser and the accused. As a Professor in the plaintiff's department, Geary was similarly bound to report honor violations. Trani was instructed by Part V.H.8 of the VCU Rules and Procedures manual to review the Appeal Board recommendation and render a final decision. This result must be communicated to the accused and various faculty members. While the defendants were involved in the accusation and expulsion phases of the plaintiffs' Honor System case, none of these individuals took part in the determination of guilt or innocence. In sum, each of the allegedly defamatory communications was a direct outcrop of the quasi-judicial Honor Council proceedings and may not form the basis of a slander charge.

Finally, the defendants argue that the plaintiff's claims are barred by the doctrine of sovereign immunity and Va. Code § 8.01-195.3(6) (Commonwealth is immune from any claim arising out of the institution or prosecution of any judicial or administrative proceeding). The eligibility requirements for sovereign immunity are: the employee must work for an immune governmental entity, and the employee must exercise judgment and discretion in carrying out his duties, and/or act at the immune employer's express direction. *Burnham v. West*, 681 F. Supp. 1169, 1172 (E.D. Va. 1988) (citing *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657, 660 (1984)). The plaintiff responds that sovereign immunity only protects acts of simple negligence and is unavailable for intentional torts. *See id.* at 1173; *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967) (state employees "may be held liable for intentional torts"); *Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987) (individual city officials may not be shielded by sovereign immunity if they commit intentional torts or if they were acting outside the scope of their employment).

In the instant case, the defendants each work for VCU, a state-supported university and an "immune governmental entity." *See Kellam v. School Board*, 202 Va. 252, 117 S.E.2d 96 (1960) (school board is an immune governmental entity). The plaintiff's claim arises out of the resolution of a quasi-judicial Honor Council proceeding. Clement, Geary, and Trani each exercised "judgment and discretion" in carrying out their duties as faculty members in addressing the plaintiff's infractions. In addition, their conduct with regard to the Honor System is "expressly directed" by the VCU Honor System guidelines and the VCU Rules and Procedures manual. The accusations of cheating and plagiarism were communicated pursuant to the defendants' duties as VCU faculty members. The pleadings do not establish that these allegations were conveyed with wrongful intent or constituted a "wanton and intentional deviation" from the defendants' duties. *Tomlin v. McKenzie*, 251 Va. 478, 481, 468 S.E.2d 882, 884 (1996) (discussing the application of sovereign immunity to intentional torts). Evidence of the commission of *any* tort, whether simple negligence or an intentional harm, is rendered doubtful by the Honor Council verdict and subsequent appellate review.

Where defamatory statements are made under the guise of sovereign immunity, the plaintiff must allege facts that support and at trial prove that the words were uttered with actual malice. *See Preston v. Land*, 220 Va. 118, 255 S.E.2d 509 (1979). As discussed above, Childress has made insufficient allegations of malice to survive demurrer. Childress would have to allege and prove that the communications were driven by some sinister, corrupt, or spiteful motive, or that the communications were made with such gross indifference to the rights of others as to equal a willful or wanton act. *Chalkley v. Atlantic Coast Line R. Co.*, 150 Va. 301, 143 S.E. 631 (1928). As malice has not been sufficiently pleaded, sovereign immunity will stand as a valid defense to these allegations.

## IV. *Conclusion*

The court sustains the demurrer on each of the grounds cited by the defendant. The court also sustains the defendant's various pleas based on the doctrine of intra-corporate immunity, an absolute privilege for statements made in quasi-judicial proceedings, and the doctrine of sovereign immunity. The plaintiff is granted leave to amend his motion for judgment *only* so far as necessary to specifically identify the "numerous individuals" (other than those protected by privilege and/or immunity) to whom the defendants made defamatory statements together and the specific statements

made to such individuals. Any amended pleadings must be filed within ten days of the date of this letter or this case shall be dismissed. Defendant may respond within ten days after service on counsel of any amended pleading.