## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Lepelletier

v.

Will Nesbitt Realty, L.L.C., et al.

Case No. CL-2014-517

By JUDGE JOHN M. TRAN

May 21, 2014

On Friday, May 2, 2014, the parties appeared before the Court on the Defendants' Motion for Sanctions against the Plaintiff, the Plaintiff's Opposition to Defendants' Motion for Sanctions and Cross-motion for Sanctions, as well as Plaintiff's Pleas in Bar and Written Objections to the Defendants' Errors and Omissions Attorney's offering Uncorroborated Allegations and Making Fraudulent Misrepresentations in Support of His Motion for Sanctions, set for May 2, 2014. After argument, the Court took the matter under advisement and suspended and vacated the Nonsuit Order entered on April 11, 2014.

Based on the arguments presented at the hearing on May 2, 2014, and further review of the issue, the Court grants the Defendants' Motion for Sanctions and orders the Plaintiff to pay $20,045.00 in attorney's fees and $116.02 in costs as set forth in Defense Counsel's Affidavit attached as Exhibit "D" to Defendants' Motion for Sanctions. The Court further awards the fee of $200.00 to cover Defense Counsel's time at the hearing on May 2, 2014. The Court finds the fees to be more than reasonable, noting the reduced rate that Defense Counsel has applied to this case and when comparing the detailed time sheets and the filings in this case, the Court found that the fees and costs were necessitated by Plaintiff's actions taken in this case in violation of Va. Code § 8.01-271.1.

Va. Code § 8.01-271.1 reads in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Under the statute, a party shall be sanctioned for committing any violation of the provisions of Va. Code § 8.01-271.1. The standard to apply is an objective standard. Additionally, the Court believes that it should apply that standard with due consideration of the Plaintiff's *pro se* status, liberally construing the filings and arguments advanced by a *pro se* litigant.

Va. Code § 8.01-271.1's primary purposes, applicable to *pro se* litigants and attorneys, are to "(1) protect litigants from the mental anguish and expense of assertions of unfounded factual and legal claims and against the assertions of claims for improper purposes, and (2) to protect courts against those who would abuse the judicial process." *Oxenham v. Johnson*, 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991).

Despite the Plaintiff's *pro se* status and the liberal reading of the arguments advanced by Plaintiff, the Court finds that the Plaintiff violated the statute and conducted this litigation in a manner the statute was expressly designed to remedy.

First, the Plaintiff's claims were not warranted by existing law or a good faith argument for the modification of existing law.

As noted by Defendants, the Plaintiff filed at least fourteen pleadings in this action since the case was open. Many of these pleadings exceeded the Court's five-page limit and were irrelevant or improper motions. Leading up to the May 2, 2014, hearing, the Plaintiff filed not only an objection, but a cross-motion for sanctions and pleas in bar. Subsequent to the hearing, while the Court was weighing the past conduct with the purpose of the statute, the Plaintiff filed an additional motion.

This Plaintiff appears to have some legal training, although the filings reflect an inability to correctly apply principles of law to the facts of this case. For example, the latest pleading that Plaintiff has filed is an Amended Motion to Strike the Defendants' Errors and Omissions Attorney's Motion for Sanctions. His chief complaint centers on the use of settlement letters and alleges their inclusion violates Va. Supreme Court Rule 2:408.

Rule 2:408 precludes "evidence of offers and responses concerning settlement or compromise of any claim which is disputed as to liability or amount is *inadmissible regarding such issues*." (Emphasis added.) The rule

goes further to state that "evidence of settlement or compromise negotiations [is not] excluded if the evidence *is offered for another purpose* ...." (Emphasis added.) The communications support Defendants' claims that Plaintiff's lawsuit and his communications were vexatious and pursued for an improper purpose. Such evidence is relevant to establish Plaintiff's liability under Va. Code § 8.01-271.1; it is not being offered to establish liability in the underlying claim and, therefore, does not violate Rule 2:408 or its federal counterpart.

As stated above, the Court recognizes that the Plaintiff is a *pro se* party and, consequently, liberally reads the Plaintiff's filings, recognizing that Plaintiff is acting without the benefit of experienced counsel and has to balance the purpose of § 8.01-271.1 with the portions of the lawsuit where Plaintiff appears earnest in his subjective beliefs.

The Court also notes that, on occasion, the Plaintiff presented plausibly correct legal arguments.

For example, the Defendants argued that the statements made in support of an ethics complaint to the Professional Standards Committee of the Northern Virginia Association of Realtors ("NVAR") are absolutely privileged and immune from a defamation claim. Plaintiff disagreed.

NVAR's procedures for resolving a disputed ethics claim are set forth under "Exhibit B" of the Defendants' Motion for Sanctions and the Court agrees with Defendants' argument that such procedures are protected from defamation lawsuits in order to encourage unrestricted speech in litigation. Public policy requires that parties be allowed to speak their mind at proceedings where there is a public interest in promoting a robust exchange of views, without fear of retaliation.

The Virginia Supreme Court has not, however, directly addressed the issue as to whether the judicial or quasi-judicial privilege applies to the procedures of a voluntary association. Other courts have found the privilege to be broad and comprehensive and to include proceedings with attributes similar to those of a court proceeding. *Katz v. Odin, Feldman, and Pittleman, P.C.*, 332 F. Supp. 2d 909, 920-21 (E.D. Va. 2004) (applied the privilege to arbitration despite the lack of evidentiary formalities found in judicial proceedings); *Childress v. Clement*, 44 Va. Cir. 169, 176 (1997) (applied the privilege to proceedings before an Honor Council).

In contrast to *Katz* and *Childress*, the Circuit Court of Spotsylvania County in *Kinney v. Williamscraft, Inc.*, 14 Va. Cir. 212, 213 (1988), *citing Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967), as commented on in 3 U. Rich. L. Rev. 202 (1969), found that statements made to the Farmers Home Administration, the Virginia Board of Contractors, the Virginia Office of Consumer Affairs, and the Office of State Building Codes were not protected by absolute privilege because the communications were not made as part of a legislative or judicial body or military proceeding and were not acts of the government.

This is not to say that the Court agrees with one or the other party. The issue of absolute privilege was not resolved in this case. Additionally, under qualified privilege, the defendants may have a complete defense against the allegations asserted. This issue simply highlights that there were instances where Plaintiff came upon plausibly correct legal principles to apply to his case.

Nonetheless, overall the Complaint and then the Amended Complaint against the Defendants asserting claims for U.S. Constitutional Tort, Virginia Constitutional Tort, Libel, Defamation, and Issuance of a writ of *brevia anticipantia* was without any basis in fact or law, and the Court has to weigh the prejudice to Defendants in having to incur costs to demur to those counts where the Court sustained all counts, granting leave to amend the defamation and libel counts, but where the Plaintiff failed to set forth the defamation *in haec verba*. Overall, even the weight of the flawed pleadings tip the scale in favor of Defendants to be awarded the relief § 8.01-271.1 provides to parties aggrieved by the actions of the other litigant.

More importantly, the Plaintiff's pleadings and communications with counsel were uncivil, unnecessarily discourteous, and riddled with *ad hominem* attacks.

In *Williams and Connolly, L.L.P. v. People for Ethical Treatment of Animals, Inc.*, the Virginia Supreme Court stated, "Contemptuous language and distorted representations in a pleading never serve a proper purpose and inherently render that pleading as one interposed for an improper purpose . . . . Such language and representations are wholly gratuitous and serve only to deride the court in an apparent effort to provoke a desired response." 273 Va. 498, 519, 643 S.E.2d 136, 146 (2007).

The pleadings and communication that caused this Court to conclude that sanctions are appropriate and actually necessary to impose include, but are not limited to, the following:

Plaintiff's mocking reference to Defense Counsel as "Errors and Omissions Counsel," even after Court informed Plaintiff on May 2, 2014, that it was wholly appropriate and common for an insurance company to retain counsel to represent its insured;

Plaintiff's Motion for a Ruling that Perry, Charnoff, P.L.L.C.'s Appearance on behalf of all the Defendants Constitutes a Conflict of Interest *Vel Non* (asserting that defendants would cause defense counsel to commit fraud upon the tribunal);

Plaintiff's Motion for Protective Order, Amended Motion for Protective Order, and Second Amended Motion for Protective Order (with repeated references to the need for contemporaneous discovery because of fraud committed by defendants);

Plaintiff's Memorandum in Opposition to the Defendant's Demurrer;

Plaintiff's emailing the Defendants despite their being represented by counsel;

The First Amended and Second Amended Complaint (with reference to allegations that defendants' son had engaged in the stalking and molestation of women);

Repeated reference to fraud committed by defendants in filings that were unnecessary to the filings;

Plaintiff's repeated description of defendants' filings as "frivolous," when in fact, the defendants' filings were meritorious and prevailed;

Plaintiff's assertions that defendant's counsel had slandered plaintiff while describing him as a "serial litigant," although plaintiff's emails to defendants mentioned that the plaintiff is well versed in litigation and is a legal researcher;

Plaintiff's Motion for Nonsuit that included unnecessary allegations of fraud;

Plaintiff's repeated threat to "refile the action in General District Court," a proceeding that is clearly prohibited;

Plaintiff's Motion for Recusal/Disqualification of the Honorable Bruce D. White (describing how the Court was biased towards *pro se* litigants); and

Plaintiff's Opposition to the Motion for Sanctions and Cross-Motion for Sanctions and filings submitted after May 2, 2014.

The Court has considered the numerous filings submitted by the Plaintiff, and, after giving consideration to his *pro se* status, this Court finds the Plaintiff's language directed towards the Defendants and Defense Counsel to be contemptuous and implemented for an improper purpose and awards the fees and costs sought.

An Order adopting and incorporating this letter is attached hereto. The Order includes a prohibition against communicating with the Court through email. The Court has communicated its decision to the parties as a matter of courtesy only and is not inviting further communication by email.

Upon entering the Order granting the Motion for Sanctions, the Court also revisited Plaintiff's Nonsuit and enters an Order nonsuiting this case.

May 22, 2014

### Final Order Entering Nonsuit
### and Granting Defendants' Motion for Sanctions

This matter came before the Court upon Defendants' Motion for Sanctions against the Plaintiff, the Plaintiff's Opposition to Defendants' Motion for Sanctions and Cross-motion for Sanctions, Plaintiff's Pleas in Bar and Written Objections to the Defendants' Errors and Omissions Attorney's offering Uncorroborated Allegations and Making Fraudulent Misrepresentations in Support of his Motion for Sanctions set for May 2, 2014, and it appearing that, on May 2, 2014, this Court entered an Order Suspending the Order of Nonsuit previously entered on April 11, 2014,

and also vacated the dismissal to allow it time to consider the Motion for Sanctions filed and argued before the Court; and it further appearing that the Plaintiff has violated Va. Code § 8.01-271.1 by filing claims that were not warranted by existing law or a good faith argument for the modification of existing law and by communicating with the Defendants and Defense Counsel in an uncivil, vexatious, and harassing manner, it is hereby ordered that the Defendant's Motion for Sanctions is granted and the Plaintiff is ordered to pay $20,361.02 to Defendants within 180 days of the entry of this Order, with judgment being entered against Robert Lepelletier in said sum with 6% interest from the date of judgment until paid; and it is further ordered that the Plaintiff is prohibited from communicating with the Court via email unless the communication is specifically requested by the Court; and it is further ordered that the Court's letter dated May 21, 2014, to the parties be and is hereby adopted and incorporated in this Order; and it is further ordered that Plaintiff's motions filed after May 2, 2014, are denied; and it is further ordered that Plaintiff's Motion for Nonsuit is granted and his lawsuit against defendants is nonsuited as of the date of this Order, and this is a Final Order.